UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-382 |
| | : | |
| CHRISTOPHER WARNAGIRIS, | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' RESPONSE TO PRETRIAL SERVICES AGENCY'S REQUEST TO AMEND CONDITIONS OF RELEASE AND DEFENDANT'S MEMORANDUM IN OPPOSITION

The United States of America hereby responds to Pretrial Services Agency's ("DC PSA") Status Report and request to amend Defendant's conditions of pretrial release, ECF No. 11, and Defendant's Memorandum in Opposition, ECF No. 13.

In its Status Report, DC PSA asks this Court to amend two conditions of Defendant's current pretrial release. First, it asks that Defendant report to DC PSA, as opposed to the Eastern District of Virginia, weekly by telephone. ECF No. 11 at 2. Although not explicitly stated, Defendant does not appear to object to this amendment. ECF No. 13 at 1. The United States also does not object to this amendment.

Defendant does, however, object to DC PSA's second proposed amendment, that is: "Do not possess a firearm, destructive device or other weapon." ECF No. 11 at 2. In his response, Defendant argues that this request is "violative" of his "constitutional rights protected by the Second, Fifth, and Eighth Amendments, and his statutory rights under 18 U.S.C. § 3142." ECF No. 13 at 1. Without addressing Defendant's substantive arguments opposing the imposition of the condition, the United States agrees that a restriction on firearms is not warranted at this time.

At the time of his initial appearance and detention hearing, the United States agreed not to impose the firearm condition, not only because it had no evidence that Defendant had used a weapon during his breach of the Capitol, but also because it appeared that Defendant required a firearm to maintain his military employment. While the Government has since learned that Defendant does not now require a firearm for his employment, because it appears he has been fully compliant with his pretrial conditions, the Government is currently not seeking to impose this additional condition.

Finally, in agreeing that this Court not impose DC PTS' proposed firearm condition, the United States is in no way endorsing or agreeing with the arguments or claims made by Defendant in his Memorandum in Opposition as they relate to the firearms restriction. Instead, in assessing the specific facts and circumstance of this particular case, including the Defendant's history and characteristics and the procedural posture, the United States has determined that the restriction is not appropriate in this specific case at this time. This current agreement does not foreclose the United States from asking for such a condition in this case should circumstances change, or in any other case matter depending on the facts, charges, criminal history of the defendant, and/or any other factors that would inform the imposition of such a condition. Indeed, the United States maintains that requesting imposition of such a condition now would be both lawful and reasonable, but based upon the abovementioned discussion, it does not seek such change at this time.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By:     /s/
JENNIFER M. ROZZONI
Assistant United States Attorney
Detailee
NM Bar No. 14703
201 3rd Street, Suite 900
Albuquerque, NM 87102
jennifer.m.rozzoni@usdoj.gov
(505) 350-6818

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system which caused the parties or counsel of record to be served by electronic means, as reflected on the Notice of Electronic Filing, and other methods of service as indicated therein on August 24, 2021.

/s/
JENNIFER M. ROZZONI
Assistant United States Attorney