UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>**V.** )<br>)<br>**CHRISTOPHER WARNAGIRIS,** )<br>)<br>DEFENDANT. )<br>) | CASE NO: 1:21-CR-00382 |

**MOTION FOR ABEYANCE**

Pursuant to Local Rule of Civil Procedure 16.2, Defendant hereby moves for his case to be held in abeyance while the exact legal issue that the defendant has pleaded and raised in ECF No. 37, dismissal of an indictment count under 18 U.S.C. § 1512(c)(2) pursuant to the construction of the statute consistent with Judge Nichols' ruling in *United States v. Miller*, Criminal Action No. 1: 21-cr-00119 (CJN) (D.C. March 7, 2022), is pending before the United States Court of Appeals for the D.C. Circuit — Case Nos. 22-3038, 22-3039, and 22-3041. The appellate matter has been briefed in full and the Oral Argument is scheduled for December 12, 2022.

The request of abeyance is ripe in this case, as the defendant has filed a Motion to Dismiss an identical Count of the Indictment that has been dismissed by Judge Nichols in *United States v. Miller*, specifically invoking *Miller*, and, the defendant's request is consistent with the Speedy Trial Act, 18 U.S.C. §§ 3161 et. seq.

Under 18 U.S.C. § 3161(h)(1)(D), delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing, is already excluded from the calculation of Speedy Trial time. The defendant's request of abeyance is already at least partially covered by 18 U.S.C. § 3161(h)(1)(D), and further consistent with an "ends of justice" extension of such time under 18 U.S.C. § 3161(h)(7)(A).

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In interpreting the speedy trial time extension, the Supreme Court has recognized that "criminal cases vary widely and that there are valid reasons for greater delay in particular cases," characterizing the extension of time under the Speedy Trial Act as a "necessary flexibility." See *Zedner v. United States*, 547 U.S. 489, 497-99 (2006). In Mr. Warnagiris' case, an abeyance, or an extended continuance, outweighs the public's and the defendant's interests in a speedy trial, consistent with 18 U.S.C. § 3161(h)(7)(A) and *Zedner v. United States*, 547 U.S. at 499.

Mr. Warnagiris is not detained, he is under supervised release and has been compliant with the terms of his pretrial release. The defendant is intelligently and voluntarily waiving his right to a speedy trial under the Act for the benefit of awaiting a disposition from the Court of Appeals that directly affects the most serious criminal charge that is pending against him.

For the reasons set forth herein, the defense requests abeyance of the proceedings in this court until the United States Court of Appeals for the D.C. Circuit renders an opinion in consolidated Case Nos. 22-3038, 22-3039, and 22-3041.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on November 18, 2022, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.