UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>V. )<br>)<br>CHRISTOPHER WARNAGIRIS, )<br>)<br>DEFENDANT. )<br>) | CASE NO: 1:21-CR-00382 |

**MOTION TO DISMISS COUNTS ONE AND THREE OF THE SUPERSEDING INDICTMENT**

Defendant Christopher Warnagiris moves to dismiss Count Three of the Superseding Indictment pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v), for failure to state an offense. The defendant further moves to dismiss Counts One and Three of the Superseding Indictment for lack of specificity, pursuant to Fed. R. Crim. P. 12(b)(3)(B)(iii).

**I. Background**

On December 1, 2021, the government filed a Superseding Indictment against Mr. Warnagiris, alleging a total of nine counts against the defendant.

In Count Three of the Superseding Indictment, charging a violation of 18 U.S.C. § 111(a)(1), the government misstates the language and requirement of the statute, therefore failing to state an offense recognized by law.

18 U.S.C. § 111(a)(1) states in relevant part:

> Whoever — forcibly assaults, resists, opposes, impedes, intimidates, or interferes with [enumerated individuals meeting conditions]… ***where such acts involve***

>  ***physical contact with the victim of that assault*** or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

(Emphasis added.)

The Superseding Indictment, in contrast, states a broader charge, one unrecognized by law— alleging that the government can prove that "the acts in violation of this section involve physical contact with the victim" — excluding the operative words "*of that assault,*" and adding the words "*acts in violation of this section,*" which are not found in the code. Count Three, as a result, alleges a crime that is broader than the one recognized by law.

Moreover, in each of Counts One and Three, the government alleges the defendant's name, the date of the offense, and the jurisdiction — but no facts related to the conduct of the defendant. Each count of the Superseding Indictment simply regurgitates the language of the statute. The counts contain no other allegations, the Indictment is not preceded by a general facts section, and the counts do not cross-reference any other counts.

No other facts will be discussed. Since the government has failed to include a description of relevant facts in their indictment, and because a motion to dismiss is limited to "the language of the indictment," discussion of additional facts not found in the indictment would be outside the scope and parameters of the issue before the court. See *United States v. Hitt*, 249 F.3d 1010, 1016 (D.C. Cir. 2001). As such, the defense will not be introducing or discussing facts about the defendant's conduct that are not found in the portion of the Indictment raised in the Motion.

**II. Argument**

**A. Failure to State an Offense**

Fed. R. Crim. P. 12(b)(3)(B)(v) provides for the dismissal of an indictment that fails to state an offense.

Count Three of the Superseding Indictment alleges a violation of 18 U.S.C. § 111(a)(1), but states:

> **COUNT THREE**
>
> On or about January 6, 2021, within the District of Columbia, **CHRISTOPHER WARNAGIRIS**, did forcibly assault, resist, oppose, impede, intimidate, and interfere with, and inflict bodily injury on, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, that is, A.W., an officer from the United States Capitol Police Department, while such officer or employee was engaged in or on account of the performance of official duties, and <u>where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony</u>.
>
> (**Assaulting, Resisting, or Impeding Certain Officers** in violation of Title 18, United States Code, Sections 111(a)(1))

The law, however, recognizes a much more narrow offense:

> **§ 111. Assaulting, resisting, or impeding certain officers or employees**
>
> (a) IN GENERAL.—Whoever—
>   (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or
>   (2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,
>
> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and <u>where such acts involve physical contact with the victim (of that assault)</u> or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

The government appears to have broadened the scope under which it can seek conviction by eliminating the operative terms "of that assault" following the word "victim" in the penalty section of the code, and randomly adding terminology not found in the code— "the acts in violation of this section." The Superseding Indictment, thus, impermissibly expands the law and invalidly seeks to criminalize conduct more broadly than legislated by Congress.

Since the government chose to omit the term *assault*, a deeper review is in order to understand how *assault* dominates the underlying law.

The Code Section 18 U.S.C. § 111(a)(1), on an initial read, appears to provide the government with an array of conduct that would qualify for a conviction, a choice of: "assaults, resists, opposes, impedes, intimidates, or interferes." On deeper review, however, one can see that this section is limited by a 2008 amendment to the penalty section of the code, which describes all criminal conduct under this code section as some type of assault: "simple assault" for misdemeanors and "assault" for felonies:

> … where the acts in violation of this section constitute only ***simple assault***, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim ***of that assault*** or the intent to commit another felony …

18 U.S.C. § 111(a)(1) (emphasis added).

Omission of the term "of that assault" is catastrophic to any interpretation of the statute, as a conviction under this statute necessarily requires a finding of *assault*.[1]

In 2003, the 10th Circuit reviewed a § 111(a) case, *United States v. Hathaway*, and determined that assault is an element of any offense under § 111(a). *United States v. Hathaway*,

---

[1] Assault is defined as an (a) attempt to cause or purposely, knowingly or recklessly cause bodily injury to another; or (b) negligently cause bodily injury to another with a deadly weapon; or (c) attempt by physical menace to put another in fear of imminent serious bodily injury. *United States v. Duran*, 96 F.3d 1495, 1509 (D.C. Cir. 1996).

318 F.3d 1001 (10th Cir. 2003). Following this ruling, Congress added a 2008 amendment to the penalty section of § 111(a), effectively codifying the 10th Circuit's interpretation of § 111(a) by adding the words "any assault that involves actual physical contact or the intent to commit certain felonies." *United States v. Wolfname*, 835 F.3d 1214 (10th Cir. 2016); Court Security Improvement Act of 2007, Pub. L. No. 110-177, 121 Stat 2534 ("striking `in all other cases' and inserting `where such acts involve physical contact with the victim of that assault or the intent to commit another felony"); 153 Cong. Rec. S15789-01 (daily ed. December 17, 2007) (statement of Sen. Kyl) (indicating that 2008 amendment "codif[ied]" *Hathaway*'s "thoughtful explanation" regarding the meaning of the phrase "in all other cases").

Accordingly, assault is an element of every § 111(a)(1) offense. See *United States v. Wolfname*, 835 F.3d 1214 (10th Cir. 2016); *United States v. Chapman*, 528 F.3d 1215, 1219 (9th Cir. 2008) ("no room for a [§ 111(a)] conviction that does not involve at least some form of assault"); *United States v. Davis*, 690 F.3d 127, 135 (2d Cir. 2012) (holding that a common law simple assault is a requirement for any misdemeanor conviction under § 111(a)); *United States v. Green*, 543 Fed. Appx. 266, 272 (3d Cir. 2013) (unpublished). But there is a circuit split. See *United States v. Stands Alone,* 11 F. 4th 532 (7th Cir. 2021) (assault is not required for a conviction under § 111(a)); *United States v. Briley*, 770 F.3d 267, 274 (4th Cir. 2014); *United States v. Gagnon*, 553 F.3d 1021, 1027 (6th Cir. 2009) (although interpreting a predecessor to the 2008 amendment); *United States v. Williams*, 602 F.3d 313, 318 (5th Cir. 2010) (adopting the 6th Circuit's interpretation of a predecessor to the 2008 amendment). The D.C. Circuit has not yet opined on this issue.

The portion of § 111(a)(1) that describes a felony offense necessarily requires an assault for the offense, be it whether "such acts involve physical contact with the victim *of that assault*" or "the intent to commit another felony" during that assault. The words "*of that assault*" extend to both ways in which one can be found guilty of a felony offense under § 111(a). (If the assaultive requirement was not meant to extend to the portion of the sentence referencing "intent to commit another felony," the phrase would have been separated by a comma.) Thus, even if the government were to seek to strike the terms "the acts in violation of this section involve physical contact with the victim" in order to attempt to proceed on the indictment with the "intent to commit another felony" component, the Superseding Indictment would still be insufficient as a matter of law for failing to include the term "assault" in relation to the charge of intent to commit another felony. See *United States v. Wolfname*, 835 F.3d 1214, n.3 (10th Cir. 2016) (the phrase *physical contact with the victim of that assault* "unambiguously expresses that assault is an element of every felony § 111(a) conviction").[2]

The government's intentional omission of the requisite terms "*of that assault*" from Mr. Warnagiris's Superseding Indictment, coupled with the government's audacious rewriting of the

---

[2] In the event that the wording of § 111(a) is concluded as equivocal, the rule of lenity directs courts to resolve such ambiguities in criminal laws in favor of the defendant. *Liparota v. United States*, 471 U.S. 419, 427 (1985). "'[N]o man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.'" *Bouie v. City of Columbia*, 378 U.S. 347, 351 (1964) (quoting *United States v. Harriss*, 347 U. S. 612, 617 (1954)); *see also McBoyle v. United States*, 283 U.S. 25, 27 (1931) (refusing to expand a criminal statute's reach without "a fair warning ... given to the world in language the common world will understand"). Withal, "due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope." *United States v. Lanier*, 520 U.S. 259, 266 (1997) (describing lenity "as a sort of junior version of the vagueness doctrine" that "ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered" (citation and quotation marks omitted)). "[T]he touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." *Lanier*, 520 U.S. at 267. See also *Wooden v. United States*, 142 S. Ct. 1062, 1082 (2022) (Gorsuch, J., concurring) ("Lenity works to enforce the fair notice requirement by ensuring that an individual's liberty always prevails over ambiguous laws.").

law, is a direct affront to law and order, and a clear attempt to contravene the assault requirement for a conviction under 18 U.S.C. § 111(a).

"Dismissal of an indictment is appropriate when it fails to recite an essential element of the charged offense." *United States v. Ezeta*, 752 F.3d 1182, 1184 (9th Cir. 2014); *United States v. Pickett*, 353 F.3d 62 (D.C. Cir. 2004) (overturning conviction and dismissing an indictment for failing to state an essential element of the offense). For the reasons stated herein, Count Three of the indictment should be dismissed under Fed. R. Crim. P. 12(b)(3)(B)(v) for failure to state an offense. See also *United States v. Miller*, Criminal Action No. 1: 21-cr-00119 (CJN) (D.C. Mar. 7, 2022) (dismissing a count in the indictment for failure to state an offense because the indictment omitted mention of a statutory component); *United States v. Fischer*, Criminal Action No. 1: 21-cr-00234 (CJN) (D.D.C. Mar. 15, 2022) (same); *United States v. Lang*, Criminal Action No. 1: 21-cr-0053 (CJN) (D.D.C. June 7, 2022) (Minute Order) (same).

### B. Lack of Specificity

Fed. R. Crim. P. 12(b)(3)(B)(iii) provides for the dismissal of an indictment that lacks specificity, which enforces the constitutional rights of the defendant to be informed of the nature and cause of the accusations that are properly presented on indictment to a Grand Jury. The government regurgitates the words of the statute for Count One but fails to notify the defendant of the facts on which the government bases its allegations, failing to notify the defendant with specificity and of the nature and cause of the accusations against him in violation of his Sixth Amendment's "nature and cause" clause. In Count Three, the government fails to even properly

regurgitate the language of the offense, let alone notify the defendant of the facts of his alleged misconduct.

The Fifth Amendment guarantees that no person shall be held to answer for an "infamous crime, unless on a presentment or indictment of a Grand Jury" and the Sixth Amendment guarantees that a person accused of a crime shall "be informed of the nature and cause of the accusation." U.S. Const. Amend. V; U.S. Const. Amend. VI. A valid indictment "preserves the Fifth Amendment's protections against abusive criminal charging practice." *United States v. Hillie*, 227 F. Supp. 3d 57, 69 (D.D.C. 2017). The indictment must not only contain the elements of the offense charged, fairly inform the defendant of the charge against which he must defend, and enable the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *Sutton v. United States*, 157 F.2d 661, 663 (5th Cir. 1946) (a defendant "shall be so fully and clearly informed of the charge against him as not only to enable him to prepare his defense and not be taken by surprise at the trial, but also that the information as to the alleged offense shall be so definite and certain that he may be protected by a plea of former jeopardy against another prosecution for the same offense"). Accordingly, Fed. R. Crim. P. 7(c) states that an indictment "must be a plain, concise, and definite written statement of the *essential facts constituting the offense charged*." (Emphasis added.)

When reviewing a Motion to Dismiss, the Court is limited to the four corners of the indictment and analysis of the statute that was cited in the indictment. See *United States v. Hitt*, 249 F.3d 1010, 1016 (D.C. Cir. 2001) ("Adherence to the language of the indictment is essential because the Fifth Amendment requires that criminal prosecutions be limited to the unique

allegations of the indictments returned by the grand jury."); *United States v. Akinyoyenu*, 199 F. Supp. 3d 106 (D.D.C. 2016); see also *United States v. Sunia*, 643 F.Supp.2d 51, 60 (D.D.C. 2009) ("In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes."). The government's position is that the Indictment is sufficient. We will proceed with the few facts as the government indicted — a limitation crafted by the government itself.

In Count One of the Superseding Indictment of Mr. Warnagiris, the government regurgitates the operative words found in the referenced statute but fails to notify Mr. Warnagiris of the *facts* on which the government bases the indictment. In Count Three, the government fails to both regurgitate the operative words of the statute and fails to notify the defendant of the facts under which he is alleged to have violated the law. The only factual context supplied in the Superseding Indictment is the day the alleged offense took place, the jurisdiction, the name of the accused, and two initials of the alleged victim. But what about Mr. Warnagiris's conduct was unlawful? In what manner did he commit the charged offenses? What is the operative *actus rea* that is alleged to have been committed criminally? Stated more simply, what exactly is the defense defending here? The Grand Jury did not sign off on a theory, leaving the government free to explore its options at trial.

Yet the government's obedience to the Constitution is not negotiable. This court has been stern with the government: "[a] defendant can only be prosecuted for offenses that a grand jury has actually passed up on." *United States v. Hillie*, 227 F. Supp. 3d 57, 69 (D.D.C. 2017). Reciting the operative words of a statute in an indictment is not sufficient when it allows the government to formulate a favorable fact pattern for a trial jury that has not been prescreened and

approved by a grand jury. See *United States v. Cruikshank*, 92 U.S. 542, 559 (1875) ("[T]he indictment should state the particulars, to inform the court as well as the accused. It must be made to appear — that is to say, appear from the indictment, without going further — that the acts charged will, if proved, support a conviction for the offence alleged."). This is why specificity is an indispensable component of an indictment. While the language of the statute may be used in the general description of the offense, it "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling v. United States*, 418 U.S. 87, 117-18 (1974); see also *United States v. Miller,* Criminal Action No. 1: 21-cr-00119 (CJN) (D.C. May 27, 2022) ("parroting the statute will not always suffice"). The requirement of a statement of facts and circumstances is key to a valid indictment.

"A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances." *Cruikshank*, 92 U.S. at 558 ("It is a crime to steal goods and chattels; but an indictment would be bad that did not specify with some degree of certainty the articles stolen."). Mr. Warnagiris's Superseding Indictment conspicuously lacks any factual description of an *actus rea* — the circumstances surrounding these allegedly criminal actions.

A district court in the Southern District of Alabama recently reviewed the issue of an insufficient indictment on a charge of 18 U.S.C. § 231(a)(3).

The original Indictment against Pugh stated:

> On or about May 31, 2020, in the Southern District of Alabama, Southern Division, the defendant, TIA DEYON PUGH, did knowingly commit an act, and attempt to commit an act, to obstruct, impede, and interfere with any law



> enforcement officer lawfully engaged in the performance of an official duty incident to and during the commission of a civil disorder, which in any way and to any degree obstructed, delayed, and adversely affected commerce and the movement of any article commodity in commerce, in violation of Title 18, United States Code, Section 231(a)(3).

Doc. 16.

While this may track the statute (precisely the Court might add), it provides no information as to exactly what conduct Pugh did to violate the statute. If an indictment tracks the language of the statute, it must be accompanied with a statement of facts and circumstances that will inform the accused of the specific offense, coming under the general description, with which he is charged. United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006); see also Hamling v. United States, 418 U.S. 87, 117-18, 94 S. Ct. 2887, 3908, 41 L. Ed 2d 590 (1974) (quoting United States v. Hess, 124 U.S. 483, 487 (1888)) ("Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific [offense], coming under the general description, with which he is charged."). More recently, the Eleventh Circuit stated "[w]hile it is generally enough for an indictment to track statutory language . . . simply tracking statutory language does not suffice when the resulting indictment fails to 'fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the [offense] intended to be punished." United States v. Johnson, 981 F.3d 1171, 1179 (11th Cir. 2020) (citation and internal quotations omitted).

The Indictment contains no information that establishes that (1) at the time of Pugh's conduct that civil disorder existed, (2) the civil disorder(s) in some way interfered with, obstructed, delayed or adversely affected commerce, (3) law enforcement was lawfully responding to that civil disorder, and (4) that Pugh knowingly committed an act to obstruct, impede, or interfere with those efforts by doing _____. The Court deliberately places a blank in the fourth number because that is the point. The Indictment says nothing other than Pugh violated 18 U.S.C. § 231(a)(3). There is no "To Wit:" clause identifying the conduct or some other means to relay exactly what Pugh allegedly did. In fact, by adding "on or about" in front of the date, the Government then expands the date to a reasonable timeframe before and after May 31, 2020. Rather, at some unspecified place and generalized range of days/time, Pugh did something that the Government alleges violated the statute.

In no way does this satisfy the pleading requirements or satisfy the Eleventh Circuit's discussion on charging requirements. Put differently, the Government skipped the first requirement of Rule 7(c)(1): that there "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1).



*United States v. Pugh*, No. 21-CR-00073 (TFM), 2021 U.S. Dist. LEXIS 177266 at *19-20 (S.D. Ala. May 13, 2021); *but see United States v. Sargent*, No. 21-cr-00258 (TFH) (D.D.C. Apr. 14, 2022) (finding an identically phrased indictment as sufficient).

The indictment in *Pugh* is identically phrased when compared to the Superseding Indictment against Mr. Warnagiris. The defense believes the reasoning in *Pugh* correctly outlines the deficiencies that identically tar Mr. Warnagiris's Indictment. The government, in the *Pugh* case, rectified the deficiency through a Superseding Indictment that added an *actus reas*, that "Pugh knowingly acted to obstruct, impede, or interfere with those law enforcement efforts by using a bat to smash the police vehicle's window." *United States v. Pugh*, No. 21-CR-00073 (TFM), 2021 U.S. Dist. LEXIS 177266 at *23 (S.D. Ala. May 13, 2021). Mr. Warnagiris was charged with a Superseding Indictment that added no additional context from his original Indictment.

While not discussed in *Pugh*, the statutes at issue in Mr. Warnagiris' case, 18 U.S.C. § 231(a)(3) and 18 U.S.C. § 111(a)(1), rely on a list of broadly inclusive terms: "obstruct, impede, or interfere" for the former, and "assaults, resists, opposes, impedes, intimidates, or interferes," for the latter. These terms include an exceptionally wide scope of potentially criminal conduct. Which is the conduct that the Grand Jury has "passed up"? The Indictment does not state.

Of note, Count One, indicted under 18 U.S.C. § 231(a)(3), uses the terms "**obstruct, impede, or interfere**" — operative verbs similar to the ones heavily litigated in 18 U.S.C. § 1512(c)(2) motions. See *United States v. Miller*, No. 1:21-CR-00119 (CJN) 2022 WL 1718984 (D.D.C. May 27, 2022), *appeal filed* No. 22-3041 (D.C. Cir.). Through § 1512(c)(2) litigation, the government's understanding of conduct that satisfies the operative verbs "**obstruct,**

**influence, and impede**" has been revealed as lacking limitation. As Judge Nichols summarized it:

> Indeed, absent any limiting context, the words "obstruct, influence, and impede" provide essentially no limit on what criminal conduct might be at issue. See *Miller*, 2022 WL 823070, at *9; *Sandlin*, 2021 WL 5865006, at *5; see also *Caldwell*, 2021 WL 6062718, at *13 (explaining that "[t]he terms `obstruct,' `impede,' and especially `influence,' unless meaningfully limited, sweep in wholly innocent and protected First Amendment conduct."). This is true in part because those verbs refer to the effect that an action has, not to the act itself. See *Sandlin*, 2021 WL 5865006, at *5. Because many actions (including some constitutionally protected ones) could have the natural and probable effect of at least influencing an official proceeding, those words, without more, provide a defendant little to no guidance as to what conduct is being charged.

*United States v. Miller*, Criminal Action No. 1: 21-cr-00119 (CJN) (D.C. May 27, 2022).

And, similar to the verbs used in 18 U.S.C. § 231(a)(3) and 18 U.S.C. § 1512(c)(2), Count Three of Mr. Warnagiris's Superseding Indictment lists a broad enumeration of ways in which 18 U.S.C. § 111(a)(1) could have been violated — "**resists, opposes, impedes, intimidates, or interferes.**" Mr. Warngiris's Indictment is lacking a factual limitation on how the law was allegedly violated (and does not state a limitation of assault on these § 111(a)(1) allegations, as required by the statute — s*ee argument on failure to state an offense, infra)*. Just as this Court could not "presume that the grand jury passed judgment on this essential element of the offense" in Mr. Miller's case, the same can be said for the case of Mr. Warnagiris. See *United States v. Miller*, Criminal Action No. 1: 21-cr-00119 (CJN) (D.C. May 27, 2022).

As an additional point of concern: Count Three, per 18 U.S.C. § 111(a)(1),  also references the "intent to commit another felony" but does not mention *which felony,* nor does it cross-reference any other count of the Superseding Indictment. The government is left free to explore *any* theory at trial. In *United States v. Sargent*, No. 21-cr-00258 (TFH) (D.D.C. Apr. 14,

2022), Judge Hogan decided, in a case arguing similar deficiency, that "the underlying felony is necessarily … the only other felony charge in the Superseding Indictment." However, in Mr. Warnagiris's case, there are two additional felonies charged.

"Where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute." *Russell v. United States*, 369 U.S. 749, 764 (1962); see also *United States v. Thomas*, 444 F.2d 919, 922 (D.C. Cir. 1971) (noting that an indictment needs to "achieve the requisite degree of precision" and holding that an indictment is insufficient as a matter of law when "it describes the offense only in impermissibly broad and categorical terms").

Mr. Warnagiris's Superseding Indictment fails to specify the allegations against him, is deficient under the Constitution, and must be dismissed.

**III. Conclusion**

For all the reasons stated herein, Counts One and Three of the Superseding Indictment should be dismissed.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street



                                           Alexandria, Virginia 22314
                                           Tel:  888.886.4127
                                           Email: contact@medvinlaw.com

### **CERTIFICATE OF SERVICE FOR CM/ECF**

      I hereby certify that on December 7, 2022, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

                                                     _____/s/_____
                                                     Marina Medvin, Esq.