UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> CHRISTOPHER WARNAGIRIS ) <br> ) <br> Defendants. ) <br> ) | Criminal Case No: 1:21-cr-00382-PLF |

### Defendant's Petition to Disclose Grand-Jury Materials

Pursuant to Fed. R. Crim. Pro. 6(e)(3)(E) and the Order of this Court dated October 13, 2021, ECF No. 24, the defendant petitions this court to disclose to him and his counsel the sealed Grand Jury materials from each of his indictments.

Christopher Warnagiris was charged originally by an indictment filed on June 2, 2021. ECF No. 8. It was superseded by an indictment filed on December 1, 2021. ECF No. 25. The Superseding Indictment was superseded once again by an indictment filed on March 22, 2023. ECF No. 49.

On October 13, 2021, this Court granted the Government's unopposed motion, ECF No. 23, to provide Grand Jury materials to the defendant. *See* ECF No. 24.

A year and a half later, the Government has yet to provide any Grand Jury materials to the defendant.

Alarmingly, the original Indictment and the Superseding Indictment both accused Mr. Warnagiris of causing an injury to Officer A. W., while the second Superseding Indictment

removed this accusation. Counsel for the Government explained in ECF No. 51 — "The language of Count Three, in the superseding indictment, read Defendant Warnagiris 'did . . . inflict bodily injury on' a specified member of the United States Capitol Police. The inclusion of 'inflict bodily injury on' was a mistake. The language has been struck by a second superseding indictment filed March 22, 2023." This is a very unusual "mistake" for Government counsel to make. The defendant thus seeks to review the evidence presented to the Grand Jury in each of the three proceedings; evidence presented to the grand jury that caused indictment on a "mistake" is exculpatory.

Moreover, the defendant has brought to this Court's attention in multiple filings and at oral argument that the Government has charged two men for an act committed by one man on Officer A.W. As the defense explained with still images in ECF No. 45, video evidence provided by the Government depicts Mr. Warnagiris his back turned to Officer A.W., both of his hands on the East Rotunda door, none on the officer, while a man in a burgundy beanie had his hands on Officer A.W. and is seen performing the acts that the Government attributes to Mr. Warnagiris. This individual in the burgundy beanie has been apprehended and charged with assaulting Officer A.W. for *the same act* attributed to Mr. Warnagiris. *See United States v. Kaleb Dillard*, Case No. 2:22-mj-00341, Document 1-1, (D.D.C. August 23, 2022). Mr. Warnagiris, however, continues to face charges for this alleged act in the second Superseding Indictment's Count Three. Clearly, under these circumstances, the presentation to the Grand Jury is exculpatory.

Finally, the defendant has the right to be tried on the same charges found by the grand jury. *Stirone v. United States*, 361 U.S. 212 (1960); *Russell v. United States*, 369 U.S. 749 (1962); *Gaither v. United States*, 413 F.2d 1061 (D.C. Cir. 1969). The defendant will require the Grand

Jury materials for the preparation of pretrial motions and motions in limine pursuant to *Stirone, Russell,* and *Gaither* to enforce his rights.

Therefore, the defendant seeks for all sealed Grand Jury materials, including transcripts and exhibits, from each of the three indictments pertaining to his case, to be disclosed to his counsel within seven days, in compliance with the protections ordered by this court on October 13, 2021, in ECF No. 24.

Respectfully submitted,

By Counsel:

/s/
MARINA MEDVIN, ESQ.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on May 18, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/
Marina Medvin, Esq.