UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br> v.   )<br>)<br>**CHRISTOPHER WARNAGIRIS**,   )<br>)<br>  Defendant.   )<br>) | Criminal Case No: 1:21-cr-0382-PLF<br><br>Trial: November 8, 2023 |

### Defendant's Request for Notice of the Government's Intent to Use Evidence and Identification of Evidence the government intends to use

Pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, the defendant requests Notice of the government's intent to use at trial specified evidence that the defendant may be entitled to discover under Rule 16, and under the Due Process Protections Act and resulting Rule 5, as amended on October 21, 2020, in order for the defendant to have a meaningful opportunity to move to suppress the specified evidence under Rule 12(b)(3)(C).

Defendant's request pursuant to Rule 12(b)(4)(B) is well grounded. "**[C]ompliance with such a defense request is mandatory**: 'the government, either on its own or in response to a request by the defendant, **must notify the defendant of its intent to use certain evidence in order to give the defendant an opportunity before trial to move to suppress that evidence**.'" *United States v. Anderson*, 416 F. Supp. 2d 110 (D.C. 2006) (internal citations omitted). Pursuant to such a request by the defense, "the government must notify defendant of the evidence that it intends to use in its case-in-chief—that is, the evidence that will appear on the government's

exhibit list for trial." *Id*. While the Government is scheduled to provide their Exhibit List to the Defense on October 7, 2023, (see ECF No. 59) the defense is requesting the specification under Rule 12(b)(4)(B) to determine if there are pieces of discovery that call for the filing of a Motion to Suppress.

Discovery in this matter is extraordinarily voluminous, encompassing the entirety of the January 6 investigation — so large that Congress has had to approve a $6.1 million budget for the DOJ to contract the creation of a discovery database of videos, photographs, documents, and social media posts, encompassing the majority of the January 6 investigation.[1] As of September 11, 2023, **there are 30,634 videos available to January 6 defense lawyers through Evidence.com and 7,681,038 digital documents available through the Deloitte evidence-sharing database created for January 6 cases**.

This trial in this matter is expected to begin on November 8, 2023, with suppression motions due before trial. Defense counsel has engaged in extensive pretrial discovery review. But a full review of each piece of evidence to determine its applicability to this defendant is frankly impossible. And, defense resources, as compared to government resources, are scarce. The discovery, as presented to the defense, amounts to significant access to the entire January 6 investigation — evidence not particularized to *this defendant* and *this trial*. The Defense, therefore, requires assistance under Rule 12(b)(4)(B) to focus attention on evidence relevant to *this* case.

---

[1] Kyle Cheney and Joshua Gerstein, *Feds agree to pay $6.1M to create database for Capitol riot prosecutions*, POLITICO (July 9, 2021), https://www.politico.com/news/2021/07/09/doj-database-capitol-riot-prosecutions-498911.

For these reasons, and as a matter of right, the defendant requests that the government provide a formal Notice specifying and particularizing all of the evidence that the government plans to introduce at *this* trial against *this* defendant.

**Moreover, the defendant requests *identification* of the items that the government has produced and will continue to produce under Rule 16(a)(1)(E)(ii) —that is, those materials the government intends to use in its case-in-chief — pursuant to this Court's discretion and this Court's decision in *United States v. Anderson***, 416 F. Supp. 2d 110 (D.C. 2006). Just as in the *Anderson* case, where identification of such materials was ordered for 500,000 pages of discovery, a January 6 defendant's case, containing more than 14 times this amount of evidentiary materials, requires identification to aid defense counsel in parsing through the vast amount of materials. Reviewing almost 8 million pieces of evidence without *identification* to this case is an insurmountable task, materially and undoubtedly impeding the defense counsel's ability to prepare pleadings and an adequate defense.

Furthermore, the defense requests an Order from this Court directing the production of the requested Notice and identification of materials by September 14, 2023, and barring the government's use of evidence not so noticed or identified in the government's case-in-chief.

Respectfully submitted,
By Counsel:

/s/

Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC

916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

## CERTIFICATE OF SERVICE FOR CM/ECF

I hereby certify that on September 11, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/

Marina Medvin, Esq.