UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**         ) | |
| ) | |
| v.                                   ) | Criminal Case No: 1:21-cr-0382-PLF |
| ) | |
| **CHRISTOPHER WARNAGIRIS**,          ) | Trial: November 8, 2023 |
| ) | |
| Defendant.                   ) | |

### Motion for Exculpatory Evidence

Christopher Warnagiris asks this Court to Order the Government to provide material, favorable, and exculpatory evidence to the defense, which is known to exist and is within the sole control of the Government and which has not been provided to the Defense.

In its research and collection of relevant materials for Mr. Wargariris' trial, Defense counsel has come to learn that exculpatory videos exist that are relevant for the cross-examination of the Government's main witness against this defendant, Ofc. Anthony Warner. The evidence consists of videos and evidence that was collected for or from other January 6 defendants who interacted with this officer and which have been publically posted, or digital media that has been publically posted on the Internet through any informational-sharing means.

Defense Counsel has identified in the public domain one video dedicated to Officer Warner, where he is seen speaking to members of the crowd, advising them he will ask about the protesters going up the stairs in the Capitol Building, making comments such as "You guys can

still push," and fist-bumping individuals as they enter the building.[1] The statements and actions of Officer Warner depicted in this video have exculpatory value to the Defense. The videos of Anthony Warner making these statements have not been produced to the Defense by the Government but are available and usable to the Government through their public domain face-recognition technology database.

In its preparation for January 6 prosecutions, the Government began utilizing a civilian group, which has acquired federally trusted facial recognition technology by undisclosed means and takes orders from the Government, to provide the Government with face-trace lists for publicly available photos or videos of the January 6 participants. This group acts as an agent of the Government. The Defense has never been provided with the names of the individuals doing these face traces and the Government asks for sealing of any proceedings that dive into the details of how this group operates. Copies of face trace lists — which contain descriptions of the subject, links to the publicly available videos, and moments in the timestamps when the subject appears in the videos — are provided to defense attorneys in January 6 cases. The Government is able to order that such a face trace be conducted of any January 6 defendant or person of interest and does so. A face trace of Mr. Warnagiris was provided to the Defense a few months back.

The Defense has no access to this face recognition technology to identify videos that may assist the defense in the case of a Defendant. The only way to obtain the use of the technology to identify relevant evidence is through a request by the Government to their agent.

The Defense in this case requires the use of this face-recognition technology to obtain a face-trace list of public domain photos and videos depicting Officer Anthony Warner. Based on

---

[1] The video is publically available here: https://rumble.com/v27algs-january-26-2023.htm

information already obtained by the defense, this request is material, favorable to the defense, and exculpatory in nature.

The Government has a Due Process obligation to produce material, exculpatory, and favorable evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Strickler v. Greene*, 527 U.S. 263 (1999), *United States v. Agurs*, 427 U.S. 97 (1976), *Kyles v. Whitley*, 514 U.S. 419 (1995), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Bagley*, 475 U.S. 667 (1985), *Rovario v. United States*, 353 U.S. 53 (1957), and *California v. Trombetta*, 467 U.S. 479 (1984). The Due Process Protections Act and Rule 5(f) of the Federal Rules of Criminal Procedure, as amended on October 21, 2020, require the production of these constitutionally guaranteed materials under penalty of Court. As a reminder, this law originated in a decision made by this court in 2009, when Judge Emmet Sullivan vacated the conviction of United States Senator Ted Stevens of Alaska after the Government failed to disclose exculpatory evidence to the Defense. *United States v. Stevens*, 593 F. Supp. 2d 177 (D.D.C. 2009). On June 28, 2021, this Court issued a Minute Order that requires the Government to comply with its discovery and due process obligations.

Therefore, the Defense requests this Court to direct the Government to provide the defendant with a face-trace list of publically available photos and videos of Officer Anthony Warner no later than September 18, 2023.

Moreover, the Defense requests for the Government to identify any other material, exculpatory, and favorable evidence related to Ofc. Warner's interaction with January 6 defendants which is not publically available and which would be excluded from the face-trace

described above. The Defense is asking for this supplemental evidence to be produced by the same date, September 18, 2023.

Respectfully submitted,

By Counsel:

_____/s/_____
MARINA MEDVIN, ESQ.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com

### CERTIFICATE OF SERVICE FOR CM/ECF

I hereby certify that on September 11, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.