UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 21-00382 (PLF) |
| ) | |
| CHRISTOPHER WARNAGIRIS, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Defendant Christopher Warnagiris is charged in a nine-count indictment with offenses relating to the events at the U.S. Capitol on January 6, 2021. See Second Superseding Indictment [Dkt. No. 49]. A bench trial is scheduled to begin on November 8, 2023. See Scheduling Order [Dkt. No. 59]. Mr. Warnagiris has filed a motion for bill of particulars, see Motion for Bill of Particulars [Dkt. No. 63], as well as two motions concerning the government's evidence in this case.

Mr. Warnagiris requests pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure that the government identify all evidence it intends to use at trial by September 14, 2023. See Defendant's Request for Notice of the Government's Intent to Use Evidence and Identification of Evidence the Government Intends to Use [Dkt. No. 61] at 3. Rule 12(b)(4)(B) provides that "the defendant may . . . request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." FED. R. CRIM. P. 12(b)(4)(B). This Rule requires the government to "notify [Mr. Warnagiris] of the evidence that it intends to use in its case-in-chief – that is, the evidence that will appear on the government's exhibit list for trial." United States v. Anderson,

416 F. Supp. 2d 110, 112 (D.D.C. 2006). Such evidence "does not include evidence that [government] witnesses may have reviewed or relied on, but that the government does not plan to offer at trial," and it does not include evidence that the government might use to refresh witnesses' recollection, in its rebuttal case, or for impeachment, "'so long as the use of [those] documents] was not planned in advance' of trial." Id. (quoting United States v. Poindexter, 727 F. Supp. 1470, 1484 (D.D.C. 1989)).

Mr. Warnagiris has also filed a motion to compel exculpatory evidence. See Motion for Exculpatory Evidence [Dkt. No. 62]. Mr. Warnagiris has "come to learn that exculpatory videos exist that are relevant for the cross-examination of the Government's main witness against this defendant," U.S. Capitol Police Officer Anthony Warner. Id. at 1. Mr. Warnagiris represents that videos available in the public domain appear to depict Officer Warner "fist-bumping individuals" as they entered the U.S. Capitol and "making comments such as 'You guys can still push'" to members of the crowd. Id. at 1-2. Mr. Warnagiris also explains, based on discovery received in this case, that the government has access to facial recognition technology and can use such technology to generate a "face-trace list" for Officer Warner. Id. at 2. A "face-trace list" is a "a list of public domain photos and videos" depicting a particular person; it contains "descriptions of the [list's] subject, links to the publicly available videos [portraying the subject], and moments in the timestamps when the subject appears in the videos." Id. Mr. Warnagiris asserts that a "face-trace list" of materials depicting Officer Warner "is material, favorable to the defense, and exculpatory in nature." Id. at 2-3. He asks that the Court order the government to produce, by September 18, 2023, a "face-trace list" for Officer Warner as well as "any other material, exculpatory, and favorable evidence related to Ofc. Warner's interaction with January 6 defendants" that is not publicly available. Id. at 3.

In view of the issues Mr. Warnagiris has raised, the government is ordered to respond to Mr. Warnagiris's motions pursuant to the below schedule. The Court recognizes that all motions in limine are presently due on or before September 18, 2023. See Scheduling Order [Dkt. No. 59]. If the parties believe it will be necessary to file additional motions in limine following the resolution of Mr. Warnagiris's discovery motions, the parties may move for leave to file additional motions in limine after the September 18, 2023 deadline. It is hereby

ORDERED that the government shall file a response to Mr. Warnagiris's Request for Notice of the Government's Intent to Use Evidence and Identification of Evidence the Government Intends to Use [Dkt. No. 61] and Motion for Exculpatory Evidence [Dkt. No. 62] on or before September 19, 2023; it is

FURTHER ORDERED that Mr. Warnagiris may file a reply to the government's response to his Request for Notice of the Government's Intent to Use Evidence and Identification of Evidence the Government Intends to Use [Dkt. No. 61] and Motion for Exculpatory Evidence [Dkt. No. 62] on or before September 26, 2023; it is

FURTHER ORDERED that the government shall file a response to Mr. Warnagiris's Motion for a Bill of Particulars [Dkt. No. 63] on or before September 26, 2023; and it is

FURTHER ORDERED that Mr. Warnagiris may file a reply to the government's response to his Motion for Bill of Particulars [Dkt. No. 63] on or before October 3, 2023.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 9/12/23