UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:　　　　Case No.: 21-CR-382 (PLF)
CHRISTOPHER WARNAGIRIS,　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　Defendant.　　　　　　　:

## UNITED STATES OPPOSITION TO DEFENSE'S MOTION ECF No. 62

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia and undersigned counsel, respectfully opposes Defendant Christopher Warnagiris' motion to compel the government to complete an open-source media trace of United States Capitol Police Officer A.W.'s movements on January 6, 2021. The Defendant's request should be denied for two reasons: 1) the Defendant's request relies on mere speculation that such a trace would reveal exculpatory material, and 2) open-source media is not under the exclusive control of the government.

This request goes beyond the obligations under both *Brady* and Rule 16 requirements. The fact that Defendant Warnagiris' motion is based on convenience and expediency, not necessity, is illustrated by the fact that the defendant has already identified open-source media that he believes constitutes exculpatory (which it is not) and impeachment material. Warnagiris speculates that there *might* be more of it and wants to compel the government to scour the internet for video, that may or may not exist, of a victim witness. Essentially, Defendant Warnagiris acknowledges that he *could* search open-source media for the video he seeks but opines that the government can do so more easily by use of its investigatory tools. Consequently, he seeks to compel the government to act as his investigator and complete a fishing expedition on his behalf. This is improper and the Court should deny Defendant Warnagiris' motion.

1

## LEGAL STANDARD

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment. *Id*. at 87. Material evidence favorable to the defendant means evidence creating a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995); *United States v. Williams-Davis*, 90 F.3d 490, 513-14 (D.C. Cir. 1996). There is, however, no general constitutional right to discovery in a criminal case, and *Brady* did not create one. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *United States v. Tarantino*, 846 F.2d 1384, 1416 (D.C. Cir. 1988).[1]

Courts will not infer the existence of *Brady* material based upon speculation alone. *Williams-Davis*, 90 F.3d at 514; *see also United States v. Apodaca*, 287 F.Supp.3d 21, 40 (D.D.C. 2017) (defendant's vague asserted need for potentially exculpatory evidence that might be contained in minimized intercepted conversations did not pass muster). The requirements of *Brady* do not extend to information the government does not possess or of which it is not aware. *United States v. Flynn*, 411 F.Supp.3d 15, 32 (D.D.C. 2019) (citing *United States v. Pollock*, 534 F.2d 964 (D.C. Cir. 1976) and *United States v. Turner*, 104 F.3d 217, 220 (8th Cir. 1997)); *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998) (the *Brady* obligation extends only to material evidence that is known to the prosecutor).[2] Nor do its requirements apply to information available to the defendant from other

---

[1] "*Brady* is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation." *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir. 1978). Accordingly, at least one jurisdiction has treated *Brady* not as a source of any pretrial remedy, but instead as a requirement that only becomes a concern after trial. *See United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975); *United States v. Garrett*, 283 F.3d 293, 302-04 (5th Cir. 2000)(Fish, J., concurring).

[2] The prosecution is responsible for disclosure of favorable evidence "known to those acting on the government's behalf *in the case,* including the police." *Kyles*, 514 U.S. at 437 (emphasis added). *See also* LcrR 5.1(a) and (e), Local Rules of the United States District Court for the District of Columbia (addressing *Brady* disclosure obligation and for that purpose, requiring disclosure under *Brady* of

sources. *Flynn*, 411 F.Supp.3d at 28 (quoting *United States v. Pendleton*, 832 F.3d 934, 940 (8th Cir. 2016)).

## ARGUMENT

Compelling the government to complete an open-source media trace of an officer's entire movements on January 6, 2021, oversteps both *Brady* and Rule 16 requirements. First, the government has already complied with its *Brady* and Rule 16 obligations. The government has produced to the Defendant the relevant video in its possession, including video that captures Officer A.W.'s interactions with Warnagiris. Rule 16 is thus satisfied. The government is not aware of any video, or other evidence, that exculpates the defendant. As such, *Brady* is inapplicable. *See Flynn*, 411 F.Supp.3d at 32 (the requirements of *Brady* do not extend to information the government does not possess or of which it is not aware); *Avellino*, 136 F.3d at 255 (2d Cir. 1998) (*Brady* obligation extends only to material evidence that is known to the prosecutor). If the government discovers any *Brady* material in the future, the government will produce it. The government thus has fulfilled, and will continue to fulfill, all its *Brady* and Rule 16 obligations.

Defendant Warnagiris, however, is not satisfied with receiving only what *Brady* and Rule 16 dictate. Based on speculation that exculpatory material *might* be found if a facial recognition search was performed on all the open-source video produced in discovery, the defendant asks the Court to order the government to perform such a search. The defendant cites no precedent, binding or otherwise, that supports such an extraordinary request for the Court to order the government to

---

information "known to the government" and defining "government" as "federal state and local law enforcement officers and other government officials who have participated in the investigation and prosecution of the offense(s) with which the defendant is charged." No authority makes the prosecution responsible for evidence unknown to those acting in the case on the government's behalf. Kastner appears not to dispute this, stating that "parts of the government with no relevance to the case at hand are not within the scope." ECF 139 at 10. The standard, however, is not one of "relevance," but of action or participation in the case at issue.

perform a fishing expedition on the defendant's behalf. Instead, rulings in this circuit and district

dictate the opposite result: that the Court should deny the defendant's motion. *See Williams-Davis*,

90 F.3d at 514 (courts will not infer the existence of *Brady* material based upon speculation alone);

*see also Apodaca*, 287 F.Supp.3d at 40 (defendant's vague asserted need for potentially exculpatory

evidence that might be contained in minimized intercepted conversations did not pass muster).

At its core, Defendant Warnagiris' motion asks the Court to order the government to do his

work for him, because the government can do it more easily than he can. This is an insufficient

justification. The government has previously produced both case specific and general January 6

discovery as it relates to Officer A.W., his movements, and his interactions with Warnagiris. That

production clearly aided Warnagiris in identifying Officer A.W., in an open-source video which

captures Officer A.W. before he even encountered Warnagiris on January 6, 2021. The video

identified by Defendant Warnagiris is not *Brady*; it is, at best, potential impeachment material.

Defendant Warnagiris' request to trace the officer's movements is based on speculation that other

such videos, which might constitute *Brady* or impeachment material, might be uncovered with

exhaustive searching of the open-source videos produced in discovery, which he asserts the

government can do more efficiently than he can, and so he seeks a Court order compelling the

government to search for him. Not only is this improper, but Warnagiris has no way of knowing if

the FBI will be able to trace a masked officer or not, and he implicitly assumes, with no

justification, that the use of such programs always results in an identification, which is not always

the case.

Finally, while the government is obligated to continuously produce material that is

exculpatory and under the *government's exclusive control*, that is not the case for the open-source

video the defendant wishes to compel the government to search on his behalf. January 6 videos are

all equally available to the defense on the internet (again made evident by the fact Defendant

Warnagiris located video the government was unaware existed), compelling the government to

trace Officer A.W., who is not the accused, through these open-source videos thus places an undue

burden on the government.

## CONCLUSION

The defendant's motion relies on speculation that does not support his requested relief. The

motion fails to show that the disclosure demanded involves information known to the government or

in its possession. The defendant has failed to provide any reason to conclude that the search he

demands that the government undertake on his behalf would be exculpatory, impeaching, or material.

For all these reasons, this Court should deny the motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Rebekah E. Lederer*
Rebekah E. Lederer
Pennsylvania Bar No. 320922
Assistant United States Attorney
U.S Attorney's Office for District of Columbia
601 D St. N.W, Washington, DC 20530
Tel. No. (202) 252-7012
rebekah.lederer@usdoj.gov

*/s/ ANDREW HAAG*
Andrew Haag
Assistant United States Attorney
MA Bar No. 705425
601 D Street NW Washington, DC 20530
andrew.haag@usdoj.gov
202-252-7755

6