UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) <br> ) <br> v.   ) <br> ) <br> **CHRISTOPHER WARNAGIRIS**, ) <br> ) <br> Defendant. ) <br> ) | Criminal Case No: 1:21-cr-0382-PLF <br><br> Bench Trial: November 8, 2023 |

**Response to Government's "Omnibus" Motion in Limine**

Christopher Warnagiris is scheduled for a bench trial on November 8, 2023.

The DOJ has filed what they termed an "omnibus" motion in limine, addressing a potpourri of issues it has seen emerge in various January 6 prosecutions. Only a portion of these actually apply to Mr. Warnagiris' case. The defense will address each motion in the order the Government has them listed.

**I. Motion in Limine to Admit Certain Categories of Multimedia**

This request is overly broad. The DOJ is lumping together easily authenticable and trustworthy recordings, such as CCTV footage, with potentially untrustworthy, random videos obtained from the internet. Any authenticity and admissibility issues with the multimedia that the Government seeks to introduce into evidence should be dealt with at the time of introduction of the individual exhibit so as to not summarily reduce evidentiary standards for individual pieces of multimedia sought for admission.

Moreover, once the parties exchange exhibits, some of the admissibility issues might be rendered moot through the parties agreeing to the authenticity of individual exhibits.

Accordingly, this motion is overly broad and premature and should be denied. Any ruling on the admissibility of multimedia should be delayed until the multimedia is sought for introduction into evidence. Since this is a bench trial, there is no harm in waiting until the actual introduction of the exhibits into evidence.

**II. Motion in Limine To Admit Certain Statutes and Records**

The DOJ asks this Court to take judicial notice of Article II, Section 1 of the Constitution of the United States, the Twelfth Amendment, and code sections — 3 U.S.C. §§ 15–18, relating to the Electoral College Certification Official Proceedings.

The DOJ's request appears to be targeted at jury trials. This is a bench trial.

Moreover, the Constitution and our laws do not require courts to take judicial notice of their existence — these are already part of the court and the judicial system.

The request does not make sense overall. The Defense asks that it be denied.

**III. Motion in Limine to Limit Cross Examination of Confidential Human Resources**

This case is not expected to have the testimony of Confidential Human Sources.

If, in fact, a CHS takes the stand and the DOJ feels that defense counsel is surpassing the constitutional rights afforded to the Defendant by the Sixth Amendment, then the Government can object and the Court can resolve the issue — if and when it arises. At this point, the request is simply premature.

Moreover, the Government does not list a specific concern related to one of their witnesses that would require a pretrial resolution— such as a witness using a pseudonym or concealing certain facts or locations. Instead, the government seeks an indeterminate protection. This is an unreasonably overbroad request and an attempted infringement on the Defendant's right to confront DOJ witnesses.

And, this request is styled as a limine issue aimed at jury trials. Again, we are scheduled for a bench trial.

This motion should be denied as premature and for lacking specificity.

### IV. Motion in Limine to Preclude Defendant Warnagiris' Introduction of His Own Out-of-Court Statements as Inadmissible Hearsay

The Defense is not seeking to violate Fed. R. Evid. 801, or any rule of evidence, for that matter. The Government is expected to object if, in fact, such a violation occurs at the bench trial. After all, that is what objections are for.

The request in limine to simply *affirm* that the Federal Rules of Evidence still apply to this trial is quite strange and not borne of any issue related to this trial. Undersigned counsel has never asked for the rules of evidence to be relaxed.

This motion should also be denied.

**V. Motion in Limine To Preclude Improper Defense Arguments**

Again, this request is inapplicable to Mr. Warnagiris and his case… especially the part about jury nullification, which should have been clearly obvious to Government counsel as something not applicable to a bench trial.

If a time comes when the defense has a legal basis for making any of the Government's suggested defense claims (we thank opposing counsel for the suggestion bank), and the law supports the defense to the point of him raising such an argument, the parties can *then* argue the issue at that point in time. As of now, these arguments have not been raised by Mr. Warnagiris, and the motion is premature.

Resolving any such issues requires a discussion of the application of the law to the facts. Such a resolution is nowhere near ripe to be determined in limine when none of these issues have yet been raised by the defense.

A court cannot preclude a defendant from defending himself based on the Government's hopes of a fast-lane-check-out version of a trial. The defendant is entitled to present a complete defense. If any of these defenses become relevant at some point, the defendant cannot be summarily precluded from arguing the applicability of such a defense without the preclusion serving as a violation of his right to due process.

This request should be denied as premature, violative of due process, and overly broad.

**VI. Motion in Limine to Preclude Defense Expert Without Notice**

Again, the Government is seeking affirmation from the court that the Rules of Evidence are still at play.

If this is meant to be a motion, then it is an inappropriate issue to raise without a factual basis on which to resolve it.

In the event that a situation arises in which Mr. Warnagiris needs to call an expert who has not been previously planned or known to the parties and, therefore, not on the witness list, the parties can *then* litigate the issue before the Court. The Government can raise any relevant grievances at that time.

The defendant is entitled to a complete defense. The DOJ cannot ask this court to preclude the defendant from responding to surprises that a Government witness might throw at the Defense mid-trial, which might require the Defense to call an expert to respond. This would be a due process violation. The law already has a built-in mechanism of protection for the Government in the event that it is "surprised" by any witness called by the defendant — the rebuttal case. The Government has the right to present a rebuttal case in the event that it wishes to present evidence in contradiction to any witness called by the defense. (And unlike the DOJ, the defendant is not seeking in limine to preclude the opposing party from having the right of rebuttal.)

This motion is not a motion, or premature and inappropriate without a factual basis.

## VII. Conclusion

As all things termed "omnibus," the Government's motion should be rejected for being overly inclusive — in this case, of unrelated issues not tailored to this specific defendant and his bench trial.

Each of the Government's motions is either premature, overly broad, or inappropriate for this juncture. Each of the Government's motions should be denied.

Respectfully submitted,

By Counsel:

_____/s/_____
MARINA MEDVIN, ESQ.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on September 26, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.