# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No.: 21-cr-382 (PLF)** |
| | : | |
| **CHRISTOPHER WARNAGIRIS** | : | |
| | : | |
| **Defendants.** | : | |

### UNITED STATES' REPLY TO OPPOSITION TO ITS MOTION *IN LIMINE* REGARDING CROSS-EXAMINATION OF U.S. SECRET SERVICE WITNESS

On September 18, 2023, the government filed a motion *in limine* to limit the scope of the cross-examination of a United States Secret Service witness. ECF No. 66 ("Gov't Mot."). On September 27, 2023, the defendant filed his response to the motion. ECF No. 78 ("Def. Res."). As the defendant has failed to substantiate that revealing the precise location of the Vice President's secure hiding spot during the riot would create a defense to the charges, the Court should grant the government's motion in its entirety.

As noted in the government's original motion, the court may exclude testimony about sensitive information if the evidence could not support a defense to the charge at issue. *See* Gov't Mot. at 3. Here, the evidence at trial will show that Vice President Pence was going to visit the Capitol on January 6, as required by law, *see* U.S. CONST. art. I, § 3, cl. 4 (defining the Vice President as the President of the Senate); 3 U.S.C. § 15 (requiring the President of the Senate to preside over a joint session of Congress convened on January 6 to count the votes of the electoral college), that the Vice President did so, and that when rioters entered the Capitol Building, the U.S. Secret Service relocated the Vice President to protect him. There is no question that the precise location to which the U.S. Secret Service moved the Vice President is sensitive information implicating national security concerns.

Nevertheless, the defendant asserts that he must be allowed to reveal this sensitive information because it is essential to his defense against Counts Four, Five, and Six (charged violations of 18 U.S.C. § 1752). The defendant, however, cannot properly counter those charges by inquiring into where Vice President Pence was relocated during the riot. The defendant's response relies on erroneously narrowing the scope of the statute. Section 1752 defines a restricted building or grounds as "any posted, cordoned off, or otherwise restricted area of a building or grounds where . . . person[s] protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(c)(1)(B). The defendant interprets this definition to limit the scope of § 1752 to only "prohibit[] entry into an area of a building or grounds — but not entry into the building or grounds in and of themselves generally." Def. Res. at 2 (emphasis in original omitted). The defendant's interpretation would thus mean that the only restricted areas of the Capitol Building on January 6 were the specific rooms, or even the specific parts of individual rooms, where Vice President Pence was at a given moment or would be visiting later that day. The defendant's interpretation would also not apply to anywhere in the Capitol Building that the Vice President had previously occupied but left on account of the rioters. Nothing in the statute requires such a narrow interpretation. *See United States v. Handy*, 2023 WL 4755057, 22-cr-96 (CKK), at *3 (D.D.C. Jul., 25, 2023) (stating that a "federal statute . . . must be given its plain meaning," which "begins with the statutory text) (citing *United States v. Price*, 373 U.S. 787, 800 (1966)) (internal quotation omitted). Here, the statute contains no limiting adjective that requires the restricted area of a building be smaller than the whole and the Court should decline the defendant's invitation to add that language. *See General Medicine, P.C. v. Azar*, 963 F.3d 516, 521 (6th Cir. 2020) (stating "courts . . . should not add language that Congress has not included."); *O & G Indus., Inc v. Nat'l R.R. Passenger Corp.*, 537 F.3d. 153, 161 (2d Cir. 2008) (declining to "supply that which is omitted by" Congress) (internal citation omitted). Certainly, a small room, like the Vice

President's ceremonial office, could be sufficient to satisfy the statute. However, the statute's plain meaning can also reach larger areas, including entire buildings located within grounds where a Secret Service protectee is or will be visiting.

Indeed, the government expects the evidence in this trial to show, as the evidence has consistently shown in January 6 trials, that the entire Capitol Building as well as much of the surrounding grounds in which the Capitol is located were restricted on January 6. *See e.g., United States v. GossJankowski*, 21-cr-123 (PLF). In addition, the government anticipates that the evidence will show that the official proceeding—that is, the Joint Session of Congress to certify the results of the 2020 presidential election—required the Vice President to enter the Capitol through the Senate Carriage Door, proceed to his ceremonial office, preside over the Senate in the Senate Chamber, walk across the second floor of the Capitol, through the Rotunda, Statuary Hall, and other passageways, to enter the House Chamber for the Joint Session. Then, as objections were raised, the Vice President would need to return to the Senate Chamber (again walking across the second floor of the building, through the Rotunda) to preside over the debate concerning the objection, and return to the House Chamber once the objection was resolved. This process would repeat as necessary until all objections were resolved and the results were certified, and these same movements would be executed once the rioters were expelled and the Joint Session resumed. Thus, for the entirety of the time the defendant was unlawfully on Capitol grounds, the expectation was that the Vice President would be walking throughout the Capitol Building to preside over the Senate's role in the certification as soon as it was safe to do so.

Therefore, the Court should grant the government's motion *in limine* in full.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:     */s/ Andrew Haag*
ANDREW HAAG
Assistant United States Attorney
D.C. Bar Number 1008904
601 D Street NW
Washington, D.C. 20530
(202) 252-7755
andrew.haag@usdoj.gov

*/s/ Rebekah Lederer*
REBEKAH LEDERER
Assistant United States Attorney
Pennsylvania Bar No. 320922
601 D Street NW
Washington, D.C. 20530
(202) 252-7012
rebekah.lederer@usdoj.gov