UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Criminal Case No: 1:21-cr-0382-PLF |
| ) | |
| **CHRISTOPHER WARNAGIRIS**, ) | Bench Trial: November 8, 2023 |
| ) | |
| Defendant. ) | |
| ) | |

### Second Supplement to Motion for Brady Materials

In response to the Court's oral request for a supplemental filing on the defendant's Brady Materials request, the Defense avers as follows:

- The Defense has not been able to secure an expert who is willing to testify on the nature of the relationship between "capitolhuminhelp" or "sedition hunters" and the FBI. The Government is in a better position to produce such a witness for the Court, and we ask that the Government produce an expert to testify as to the nature of this relationship.

- The facial recognition tools used by "sedition hunters" are not publicly named or discussed.[1]

- There are a few articles that mention CapitolMap.com, Clearview AI, and Pimeyes as publicly known tools that might be used by "sedition hinters."

- CapitolMap.com, a facial recognition tool built by and used by "Sedition Hunters," is no longer available for public viewing.

---

[1] Ryan Reilly, *Dating Websites and Furry Forums: The Volunteer Army of Online Investigators Who Helped the FBI Track Down January 6 Perpetrators*, Politico (Oct. 13, 2023), https://www.politico.com/news/magazine/2023/10/13/sedition-hunters-ryan-reilly-00121078.

- Pimeyes is insufficient in capabilities to assist in the project at hand. "PimEyes said it does not search images on social media."[2] Instead, PimEyes searches pornographic websites. *Id*. The defense does not expect to (nor wish to) find January 6 videos of Officer Warner on pornographic websites.

- Clearview AI is not available for public use at all.[3] The use restriction in place had been for law enforcement until a few months ago, as capabilities for public defenders were added.[4] Mr. Warnagiris is represented by private counsel who is not a public defender. Mr. Warnagiris' counsel is unable to access Clearview AI.

- There is proof that the FBI used Clearview AI in January 6 cases in a New York Times article that states: "After the Capitol riot, Clearview AI, a facial-recognition app used by law enforcement, has seen a spike in use, said the company's chief executive, Hoan Ton-That. 'There was a 26 percent increase of searches over our usual weekday search volume,' Mr. Ton-That said."[5]

- The FBI has publicly confirmed their use of facial recognition software in criminal investigations.[6]

---

[2] Drew Harwell, *This Facial Recognition Website Can Turn Anyone Into a Cop*, THE WASHINGTON POST (May 14, 2021), https://www.washingtonpost.com/technology/2021/05/14/pimeyes-facial-recognition-search-secrecy.

[3] Available at https://www.clearview.ai/law-enforcement.

[4] Kashmir Hill, *Clearview AI, Used by Police to Find Criminals, Is Now in Public Defenders' Hands*, THE NEW YORK TIMES, (Jun. 21, 2023), https://www.nytimes.com/live/2021/01/09/us/trump-biden#facial-recognition-clearview-capitol.

[5] *Democrats Demand Answers From Justice Dept. About Trump's Role as Impeachment Threat Looms*, THE NEW YORK TIMES, (Feb. 9, 2021), https://www.nytimes.com/live/2021/01/09/us/trump-biden#facial-recognition-clearview-capitol.

[6] Kimberly J. Del Greco, *Statement Before the House Oversight and Reform Committee— Facial Recognition Technology: Ensuring Transparency in Government Use*, FBI, (Jun. 4, 2019), https://www.fbi.gov/news/testimony/facial-recognition-technology-ensuring-transparency-in-government-use.

- Clearview AI advertises itself as assistive to the January 6 Capitol Breach investigation on its website: "Within weeks of using Clearview AI, federal prosecutors issued over 900 warrants and charged over 350 people.  Clearview AI was able to assist in the arrest of hundreds of rioters in a short amount of time, significantly lowering the likelihood of misidentification. The January 6th riot is just one instance where Clearview AI's technology has shown to be pivotal during unprecedented events."[7]

- The Government is incorrect in its statements to the Court that the defendant has equal access or public access to facial recognition tools. As is shown here, Mr. Warnagiris is left entirely without access to facial recognition technology to assist in reviewing publicly available video footage.

- **In addition to "publicly available" videos, there are hundreds of thousands of videos that the Government has saved in a database and which require the DOJ to run an internal facial recognition program to review those videos for Officer Warner. Even if the DOJ shares access to the videos with the Defense, the videos are not sortable and usable without the ability to run the facial recognition tool on these videos.**

- Facial recognition is the only utility capable of reviewing and sorting large amounts of video evidence and is invaluable to the DOJ in their investigation and preparations for trial. Outside the DOJ granting the use of facial recognition engines to the Defense, the Defense has no reasonable means by which to identify videos with Officer Warner.

---

[7] Avialble at https://www.clearview.ai/capitol-riots.

- The Defense simply seeks to be on equal footing as the Government in a situation where at least one known video indicates the need to review other videos for Officer Warner's conduct and statements.

- As argued in the prior filings, the evidence requested by the Defense is directly relevant and material to the defense. The Government has a duty to learn what their agents, the individuals operating the face-trace tools, can provide about Officer Warner.

The defense, therefore, renews its request for the DOJ to provide a list identifying evidence that depicts Officer Warner, or, in the alternative to grant the Defense use or access to the facial recognition technology for the Defense to conduct the investigation independently.

Respectfully submitted,

By Counsel:

_____/s/_____
MARINA MEDVIN, ESQ.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

## CERTIFICATE OF SERVICE FOR CM/ECF

      I hereby certify that on October 20, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

                                                                        _____/s/_____
                                                             Marina Medvin, Esq.