UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Criminal No. 21-0382 (PLF) |
| CHRISTOPHER WARNAGIRIS, | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

On October 16, 2023, the parties in the above-captioned case appeared for oral argument on several outstanding motions. The parties discussed, among other things, the need for additional written submissions addressing (1) defendant Christopher Warnagiris's motion for exculpatory evidence, and (2) the definitions of terms including "forcibly," "assault," and "simple assault."

I. MOTION FOR EXCULPATORY EVIDENCE

At the motions hearing, the Court directed the parties to submit additional information about Mr. Warnagiris's motion for exculpatory evidence on or before Friday, October 20, 2023. Mr. Warnagiris filed a supplement refuting the government's assertion that facial recognition technology is publicly available and reasserting that the government has "hundreds of thousands of videos" in a database, some of which may be Brady material. See Second Supplement to Motion for Brady Materials [Dkt. No. 88]. The government requested an extension of time in which to respond to the Court's request and Mr. Warnagiris's submission. See Government's Motion to Extend Time to File Opposition [Dkt. No. 89].

The Court granted the government's request for an extension of time, and the government's submission is due on or before October 27, 2023 at 12:00 p.m.  See Minute Order of October 20, 2023.  In advance of that deadline, the Court directs the government to address the following in its submission, in addition to addressing the points raised by Mr. Warnagiris in his filings:

(1)  If the U.S. Attorney's Office has control over a database of January 6, 2021 material that has not been disclosed to Mr. Warnagiris, has that database been searched for potentially exculpatory or impeaching material relating to Officer Warner?  If not, explain the logistical or technical challenges that searching this database would pose and provide the legal reasoning and case law support for why the government has not conducted such a search.

(2)  If the U.S. Attorney's Office is employing private actors or organizations to locate and retain evidence relating to January 6, 2021, are those private actors or organizations the government's "agents" for Brady purposes?

(3)  If the U.S. Attorney's Office is employing private actors or organizations to locate and retain evidence relating to January 6, 2021, has the government searched through that evidence for potentially exculpatory or impeaching material relating to Officer Warner?

(4)  Is the government aware of whether any of the evidence in the government's possession was, but is no longer, publicly available on the internet?

(5)  Does the government have concerns about releasing the requested evidence that relate to Rule 6 of the Federal Rules of Criminal Procedure, governing grand jury secrecy?

(6)  Does the government believe that it needs to present information relating to its investigation into January 6, 2021 and its evidence retention policies ex parte?

(7) It appears uncontested that the U.S. Attorney's Office does maintain a database of videos and other digital documents relating to January 6, 2021 and that this database is routinely disclosed to defendants – and has in fact been disclosed to Mr. Warnagiris – through Relativity and Evidence.com.  Has the information that is maintained on these platforms been searched for potentially exculpatory or impeaching material relating to Officer Warner?  Has any potentially exculpatory or impeaching material been specifically identified for Mr. Warnagiris?  If the government has not searched these databases and identified potential Brady evidence in their contents, explain the reasons why this has not occurred, including any logistical or technical challenges, and provide the legal reasoning and case law support for failing to do so.

## II.  BENCH INSTRUCTIONS

At the October 16, 2023 motions hearing, the Court also discussed the possibility of the parties filing bench instructions or supplemental briefs on various offense elements.  The Court has reviewed the submissions in this case, as well as the bench instructions and submissions in other cases in this district.  Specifically, the Court has reviewed:  Defendant's Supplemental Brief on the Proper Reading of 18 U.S.C. § 111(a) [Dkt. No. 52]; Defendant's Trial Brief [Dkt. No. 71]; Final Jury Instructions, United States v. GossJankowski, Crim. No. 21-0123 (D.D.C. Mar. 17, 2023) [Dkt. No. 166]; Elements of the Offense Instructions, United States v. Black, Crim. No. 21-0127 (D.D.C. Jan. 3, 2023) [Dkt. No. 70]; and Final Legal Instructions, United States v. DaSilva, Crim. No. 21-0564 (D.D.C. July 13, 2023) [Dkt. No. 76].  The parties are hereby notified that the Court will use the jury instructions in GossJankowski, Black, and DaSilva as a starting point for the bench instructions in this case.  If the parties have objections to these instructions or proposed alterations to these instructions that have not already

been raised in prior written submissions, the parties may file submissions on proposed bench instructions on or before November 2, 2023 at 12:00 p.m.

Furthermore, although Mr. Warnagiris has submitted extensive briefing on various outstanding legal issues, the government has not provided its position on many of the issues Mr. Warnagiris has raised. The government is hereby directed to respond to the issues raised in Defendant's Supplemental Brief on the Proper Reading of 18 U.S.C. § 111(a) [Dkt. No. 52] and Defendant's Trial Brief [Dkt. No. 71]. Specifically, the government's submission should address the following:

(1) The government's proposed definition of "assault" and "simple assault" as the term is used in the statutes under which Mr. Warnagiris is charged;

(2) Whether the government believes it necessary to define "bodily injury" and "serious bodily injury" in bench instructions, and the government's proposed definitions of these terms;

(3) The government's proposed definition of "forcibly" as the term is used in 18 U.S.C. § 111(a);

(4) The government's proposed definition of "corruptly" as the term is used in 18 U.S.C. § 1512(c), in light of the D.C. Circuit's decision in United States v. Robertson, No. 22-3062, 2023 WL 6932346 (D.C. Cir. October 20, 2023);

(5) The government's proposed definition of "restricted" as the term is used in 18 U.S.C. § 1752;

(6) The government's proposed bench instruction for aiding and abetting, 18 U.S.C. § 2;

(7) How to construe the knowledge requirement in 18 U.S.C. § 1752(a); and

4

(8) Whether 18 U.S.C. § 1752(a)(2) requires a "cause-in-fact" instruction, and if so, the government's proposed bench instruction as to cause-in-fact.

Mr. Warnagiris may submit additional written briefing on the above-identified issues if he has not already done so in prior filings.

The Court will address the parties' legal arguments on the offense elements and definitions when the parties convene for trial on November 8, 2023.

In view of the foregoing, it is hereby

ORDERED that the government's response to Mr. Warnagiris's Motion for Exculpatory Evidence [Dkt. No. 70] and Second Supplement to Motion for <u>Brady</u> Materials [Dkt. No. 88] shall address the above-listed questions; it is

FURTHER ORDERED that the government shall file a submission addressing the above-listed legal issues on or before November 2, 2023 at 12:00 p.m.; and it is

FURTHER ORDERED that the government and Mr. Warnagiris may file any additional objections or proposals for the Court's bench instructions on or before November 2, 2023 at 12:00 p.m.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE:   October 24, 2023