UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 21-cr-382 (PLF) |
| | : | |
| CHRISTOPHER WARNAGIRIS, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE TO DEFINE "ANOTHER FELONY"**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to the defendant's motion in limine to "define another felony" as used in 18 U.S.C. § 111(a)(1). First, the defendant moves this Court to rule that, in order to satisfy its burden under the "intent to commit another felony" theory of § 111(a)(1), the government must prove the defendant had the intent to commit a different felonious act at a future time. In the alternative, the defendant moves for a ruling that the "intent to commit another felony" version of § 111(a)(1) cannot be satisfied by the offense of civil disorder, in violation of 18 U.S.C. § 231(a)(3), where the conduct underlying the two offenses is the same. ECF 115 at 4. The defendant rests his argument on Judge Jackson's sentencing guidelines commentary in *United States v. Hamner*, 21-cr-689 (ABJ). Warnagiris' reasoning on this point, however, is wrong for several reasons as demonstrated by Judge Jackson's clarifying rulings in *United States v. Camargo*, 21-cr-70 (ABJ) and *United States v. O'Kelly*, 23-cr-61 (ABJ). Accordingly, the defendant's motion should be denied.

First, the defendant's argument is not appropriate at the motion in limine stage, because it is instead a sufficiency of the evidence challenge. The indictment in this case charges, among other things, civil disorder, in violation of 18 U.S.C. § 231(a)(3) (Count One), and assaulting, resisting,

1

or impeding certain officers, in violation of 18 U.S.C. § 111(a)(1) (Count Three). ECF 49. To meet its burden under Count Three, the government must prove that the defendant's acts either "involve[d] physical contact with the victim of that assault or the intent to commit another felony." 18 U.S.C. § 111(a). The defendant previously requested the government outline its entire theory on this count in a motion for a bill of particulars. ECF 63. Following extensive briefing, the Court granted the motion in part, ECF 87, and the government filed the bill of particulars shortly afterwards, ECF 95. This current motion in limine is essentially an attempt to relitigate the bill of particulars. Granting the defendant's motion would require the Court to look beyond the indictment and reach factual conclusions about the conduct underlying the charges in Counts One and Three—specifically, to determine that the conduct is the same for each. The Court should decline this invitation at this stage of the proceedings.

Even if the Court did look beyond the indictment to the facts, the conduct underlying the civil disorder offense is *not* restricted to Warnagiris' assault on Officer A.W.—though that conduct is the focus of Count Three. As the government has proffered in the application for criminal complaint, ECF 1, background sections of previous motions, *see, e.g.*, ECF 40, 44, 77, and the bill of particulars, ECF 95, the conduct implicated in Count One is much broader, and it includes the defendant's specific conduct immediately before and after the push and door struggle. The conduct includes holding the Columbus doors open for rioters to stream into the building, as well as more general conduct, such as the defendant joining the mob as it progressed in overwhelming the Columbus Doors. Evidence of the defendant's surrounding conduct also further supports the conclusion that, when he fought with Officer A.W. over the doors, he did so with the intent to obstruct, impede, or interfere with law enforcement during the civil disorder. And the wider facts only underscore that the Court should not grant this motion in limine based on an argument that

2

requires fact-specific determinations only appropriate for *after* trial. *See United States v. Yakou*, 428 F.3d 241, 246–47 (D.C. Cir. 2005) ("There is no federal criminal procedural mechanism that resembles a motion for summary judgment in the civil context.").

But even if Counts One and Three *did* concern the exact same conduct and even if it were necessary to reach this issue at this stage in the case, the intent to violate § 231(a)(3) can separately entail the "intent to commit another felony" for § 111(a). Though two crimes may share an *actus reus*, that does not mean the *mens rea* is the same. A defendant can commit an assault, or other violation of § 111, with the separate intent to interfere with officers during a civil disorder. Indeed, an offense under § 111(a)(1) only requires proof that the defendant intentionally assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer engaged in his or her official duties. The statute is thus broad; a defendant can violate § 111(a)(1) by striking any federal officer, in any situation, for any purpose, including for no purpose at all, as long as he does so with the appropriate *mens rea*.

By contrast, the civil disorder offense requires proof that the defendant "commit[ted] or attempt[ed] to commit any act to obstruct, impede, or interfere with any . . . law enforcement officer lawfully engaged in lawful performance of his official duties incident to and during the commission of a civil disorder . . . ." 18 U.S.C. § 231(a)(3). In other words, the civil disorder offense requires not just the commission of an act, but that the defendant committed the act with the specific intent "*to* obstruct, impede, or interfere with" a law enforcement officer. *Id.* (emphasis added). These different statutory constructions mean that even in the midst of a civil disorder a random act of violence against a federal police officer only violates § 111(a)(1). By contrast, the government must show an independent intent to obstruct, impede, or interfere to prove a violation of § 231(a)(3).

Section 111 elevates assaults without physical contact against federal officers that are committed for a felonious purpose, such as to impede that same federal officer from responding to a civil disorder. Such distinguishing of crimes—even those involving the same conduct—based on the intent behind that conduct is commonplace in our legal system. For example, although both involuntary manslaughter and premeditated murder are unlawful homicides resulting in the loss of a human life, premeditated murder involves the intent to kill while involuntary manslaughter does not. Accordingly, federal criminal law and the law of every state punishes premediated murder more harshly than involuntary manslaughter; not because the defendant's conduct resulted in someone's death, but because of the defendant's intent to cause that result. *Compare* 18 U.S.C. § 1111(b) (mandatory penalty for first degree murder is death or imprisonment for life) with 18 U.S.C. § 1112(b) (maximum prison sentence for involuntary manslaughter is 8 years). The same distinction can be found among January 6 defendants. Section 111(a)'s "intent to commit another felony" language reflects the same judgment that intent matters.

Contrary to the defendant's claim, the court's sentencing guideline determination in *United States v. Hamner*, 21-cr-689 (ABJ), is not applicable in this context. In that case, the question before Judge Jackson was whether the civil disorder offense was an aggravated assault under U.S.S.G. §2A2.2. *Hamner*, 21-cr-689 (ABJ), Sentencing Tr., Sep. 23, 2022, 13:16-15:25. For this sentencing guideline to apply, the government must prove that the conduct involved at least one of four enumerated characteristics, including, "an intent to commit another felony." U.S.S.G. §2A2.2, cmt. n.1 (defining "aggravated assault"). The government argued that the defendant committed the civil disorder offense with the intent to commit an offense under § 111(a)(1). *Hamner*, 21-cr-689, Sentencing Tr., 13:16-19. In rejecting this argument at the time, Judge Jackson stated,

4

> I don't see how the interference with officers during a civil disorder can be the other felony that's the necessary element to charge a felony violation of § 111, while at the same time § 111 is the other felony that makes the interference with the officers an aggravated assault.

*Id.* at 15:2-6.

The defendant now argues that, in setting forth this logical fallacy, Judge Jackson ruled that both scenarios were legally invalid. ECF 115 at 2-3. This assertion, however, is incorrect. Immediately prior to the above comment, Judge Jackson discussed the mechanics of Section 111(a)(1), stating, "[F]or a violation of 111(a)(1) to even be a felony, if you don't have physical contact with the victim, your acts have to involve the intent to commit another felony. So the other felony for [Section 111(a)(1)] has to be [Section 231(a)(3)]." *Id.* at 14:23-15:1. Judge Jackson then concluded that, because Section 111(a)(1) uses Section 231(a)(3) to trigger the former's felony provision, it would be incorrect to use Section 111(a)(1) to enhance the punishment for Section 231(a)(3) under the Guidelines. *Id.* at 15:2-6; *see also* 16:5-9 (discussing the problem with going both directions with the Section 111(a)(1) and Section 231(a)(3) enhancements).

Judge Jackson later clarified this further in a separate case, noting that in *Hamner*, "the Court was not considering the question of whether section 231 could be 'another felony' for

5

purposes of section 111; it was not construing the statute at all."[1] *United States v. Camargo*, 21-cr-70 (ABJ), ECF 114 at 10 (D.D.C. Oct. 31, 2023). Judge Jackson then explicitly held that "a violation of 18 U.S.C. § 231(a)(3) can serve as 'another felony' for purposes of section 111(a)(1)." *Id.* at 12. Last month, in denying a motion to dismiss in *United States v. O'Kelly*, Judge Jackson similarly clarified her commentary in *Hamner* and said that any reliance on the language in *Hamner* is "misplaced." 23-cr-61 (ABJ), ECF 40 at 6 (D.D.C. Feb. 16, 2024). Judge Jackson then held again that "a violation of 18 U.S.C. § 231(a)(3) can serve as 'another felony' for purposes of section 111(a)(1)." *Id.* at 8. The government is not aware of any court finding in favor of the defendant's position, thus, there is no reason for this Court to hold differently.

---

[1] As the Court explained,

> The Court expressed some misgivings about whether a violation of section 111 could serve as the "[ ]other felony" needed to trigger the applicability of the Aggravated Assault Guideline, and its particular concern – which is clear in the excerpt quoted by defendant – was "how the interference with officers during a civil disorder can be the other felony that's the necessary element to charge a felony violation of § 111, while at the same time § 111 is the other felony that makes the interference with the officers an aggravated assault." Hamner Tr. at 15 (emphasis added). It specifically differentiated that situation from the one before the Court in this case: "And the extra problem that we have in this case is we're not using the 231 offense as another felony for the 111 offense. We're going the other way." Hamner Tr. at 14:19–21 (emphasis added).

*Camargo*, 21-cr-70 (ABJ), ECF 114 at 10. Here, as in *Camargo,* the Court is not faced with the "extra problem" of *Hamner*, where the defendant had (at the time) been convicted of a § 231 offense only.

6

## CONCLUSION

For all these reasons, the defendant's motion in limine should be denied.

             Respectfully submitted,

             MATTHEW M. GRAVES
             UNITED STATES ATTORNEY
             D.C. Bar No. 481052

By: */s/ REBEKAH LEDERER*

    Rebekah Lederer
    Assistant United States Attorney
    Pennsylvania Bar No. 320922
    601 D St. N.W, Washington, DC 20530
    Tel. No.: (202) 252-7012
    Email: rebekah.lederer@usdoj.gov

*/s/ ANDREW HAAG*
Andrew Haag
Assistant United States Attorney
MA Bar No. 705425
601 D Street NW, Washington, DC 20530
Tel. No.: (202) 252-7755
Email: andrew.haag@usdoj.gov