UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:21-cr-382 (PLF) |
| : | |
| CHRISTOPHER WARNAGIRIS, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE TO THE COURT'S MARCH 27, 2024 MINUTE ORDER**

On March 27, 2024, this Court issued a minute order asking the government to "explain the process used to conduct, and the results obtained by, the search described" in its prior supplement, ECF No. 121. Additionally, the Court sought information as to whether the search comports with the government's searching capabilities previously described to the Court.

*First*, the process by which the government employs searches within its own files is complex, sensitive, and implicates work-product. Nonetheless, the government represents that the search done in this case is the exact same search that was done of the defendant, and consistent with the government's search methodology for all other cases and searches in this overall prosecution.

The government also notes that the defendant fundamentally misunderstands the search process of this complex discovery. The government has provided significant volumes of discovery related to January 6th overall, as well as case-specific discovery related to the defendant at issue. Using Relativity[1], the defendant may search the voluminous global discovery, including all open-source material that the government has collected. Through Evidence.com, the defendant can

---

[1] Upon information and belief, defense counsel's Relativity access has lapsed. Counsel may reach out to the appropriate point of contact to regain access and engage in the same search as described herein.

review *all* body-worn camera and closed-circuit videos from the U.S. Capitol (save those that are sensitive, which may be viewed separately by the defense when relevant). The defendant may trace his or her person, or any person, on Capitol grounds using the same methods employed by the government: a review of the materials in the databases. Review of any text-based materials or videos with useful information tagged to the file can be assisted by use of the databases' search function; a function that is the same for both the government and the defense. Additionally, any person may search the Internet for publicly available evidence. As indicated previously, the government does not maintain a repository of all publicly available Internet images and videos related to January 6th.

The government also addresses what appears to be a disconnect regarding how the government, whether individual prosecutors or law enforcement agents, searches the aforementioned media-based materials. The defendant's arguments seem to imply that a government actor conducts a simple Google-like search by inputting keywords or photographs, which produces an automatic results return. Instead, the government uses a myriad of methods (as previously described to this Court), including careful *manual* examination of materials, starting with closed circuit video, and progressing to *manual* identification of other subjects or officers in the area, and then a *manual* review of materials that may be associated with those other individuals or officers. This method of reviewing evidence, although seemingly mundane in nature, is nonetheless technical and tedious, and involves the very simple act of following subjects through the videos. This process can involve a frame-by-frame analysis of media and can take hours to complete for individual incidents.[2] More importantly, it can also be done by defense counsel,

---

[2] This process is akin to document review in a complex, paper-based prosecution. In such a case,

members of the defense team, or – when supervised – the defendant himself. *See* ECF No. 101 at 7 (listing several cases where defendants or their counsel have identified evidence in the discovery databases that they deem relevant). The government is under no obligation to do the work of the defendant for him. *See id.*, at 4-5 (explaining that when the government has provided the tools to search databases, the government need not do it for the defendant).

Despite this, the government conducted the requested search for the defendant of the officer as indicated in ECF No. 121.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar Number 481052

By:   */s/ ANDREW HAAG*
        Andrew Haag
        Assistant United States Attorney
        Massachusetts Bar No. 705425
        601 D Street NW, Washington, DC 20530
        Tel. No.: (202) 252-7755
        Email: andrew.haag@usdoj.gov

        */s/ REBEKAH LEDERER*
        Rebekah Lederer
        Assistant United States Attorney
        Pennsylvania Bar No. 320922
        601 D St. N.W, Washington, DC 20530
        Tel. No.: (202) 252-7012
        Email: rebekah.lederer@usdoj.gov

---

litigants may find one relevant document, which points to another relevant document, and so on.