UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL CASE NO: 1:21-CR-0382-PLF |
| ) | |
| CHRISTOPHER WARNAGIRIS ) | TRIAL: APRIL 1, 2024 |
| ) | |
| DEFENDANT. ) | |

**DEFENSE RESPONSE TO ORDER OF THE COURT**

The Defendant hereby responds to the Court's Minute Order dated March 27, 2024, and the Government's filing of ECF No. 121, by saying that based on information available to the Defense, the Government <u>has not complied</u> with its *Brady* obligations to the Defendant and that it <u>has not complied</u> with the requests made by the Defense in ECF No(s). 62, 80, and 88.

The government's search was in a single database, one of *criminal suspects*. Unsurprisingly, a Capitol Police officer was not found in the database of criminal suspects.

The Defense had never asked for a search of videos or photos of Officer Warner in a database *limited only to images of criminal suspects*.

Instead, the Defense asked for:

- A facial-recognition search of all January 6 evidence stored by the Government, as well as evidence that Government agents search to compile face-trace lists of evidence depicting individuals of interest. *See* ECF No. 62 and ECF No. 72 at *5-6 ("the defense is operating under the assumption that the government, in line with

*Trombetta*, has retained copies of these videos pertinent to their January 6 investigation").[1]

- A facial recognition search through the Government's Clearview AI toolkit of the January 6 evidence searchable under that utility. *See* ECF No. 88 at *2.
- A facial recognition search of the Government's body camera database for videos depicting Officer Warner. *See* ECF No. 80.

The straightforward proof of the insufficiency of the Government's search within a singular and limited database is in the results produced — which are zilch.

Consider the clearly available evidence in Mr. Warnagiris' case alone— Officer Warner is depicted numerous times in various images and videos in this case— images and videos currently stored by the Government. Surely, Officer Warner would have come up in a search of the Government's evidence — the evidence in this case alone would yield dozens of videos depicting Officer Warner. And, the Defense knows from the keyword search capabilities available to counsel through the Relativity Database that Officer Warner is a witness in numerous January cases and is portrayed in evidence in those other cases. Yet, **zero** videos and images were returned through the Government's search. That is because the Government limited its search to **_criminal suspects_**.

The Government then again parrots the already-contradicted claim that Defense counsel has the same tools at our disposal as the Government. This is untrue, as repeatedly discussed in prior pleadings and on the record at hearings.

---

[1] Of note, the evidence sought by Mr. Warnagiris is of the type "known only to police investigators"— which, in this case, are the individuals operating the face recognition technology and investigating publicly available January 6 evidence for the government. *See* ECF No. 72 at *6. The individuals working as government agents have saved databases to assist the government in its January 6 investigation. *Id*. Meaning that the trove of evidence that the Defense is asking the DOJ to search has already been created.

As for tools that the Government has made available to the defense:

- Evidence.com, which the Government uses to share videos with the defense, contains **30,636 video files** organized by random file name only. There is no way to search these files by date, time, location, defendant, or officer. Even the dates shown on the video files are misleading, as they are the dates when the files were collected by the Public Defender to populate this database— dates in 2023, for example. The video evidence is rendered unusable as produced in this format. Contrary to the Government's beliefs, the Defendant does not have the financial resources to pay counsel to watch and analyze 30,636 videos of varying duration.

- Relativity, through which the Government shares evidence of all kinds, currently has **7,964,967 items**. Keywords can search the items in Relativity, but keyword searches do not produce videos in Relativity unless the Government labels the video with a particular word. No videos come up through Relativity when Defense counsel conducts the search for the keyword Warner.

The Government remains in violation of *Brady* and is playing games just days before the start of the trial.

Moreover, as of Thursday, 10:10 AM, with the trial starting on Monday, the Government has still not provided the Defense with <u>any</u> *Jencks* or *Giglio* materials, even though the Government has a production obligation directing it to produce materials within a reasonable and sufficient time for Defense counsel to use the material effectively in the preparation of and presentation of the case. *See United States v. Pollack*, 534 F.2d 964, 973 (D.C. Cir. 1976),

*accord, United States v. Celis,* 608 F.3d 818, 835 (D.C. Cir. 2010). No *Jencks* or *Giglio* materials were provided for Officer Warner. Accordingly, the Defense must now add *Jencks* and *Giglio* materials to its production request. *See also United States v. Daum*, 847 F.Supp. 2d 18 (D.D.C. 2012).

Respectfully submitted,

By Counsel:

/s/
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on March 28, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/
Marina Medvin, Esq.