UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:21-cr-382 (PLF) |
| : | |
| CHRISTOPHER WARNAGIRIS, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE (ECF No. 126)**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply to the defendant's response to an order of the court, ECF No. 126. The defendant *again* misunderstands or misrepresents the government's holdings and capabilities, and continues to promote inaccuracies in the context of this litigation.

First, the defendant states that the government conducted a search of a repository "limited only to images of criminal suspects." *Id.* at 1 (emphasis omitted). This is wrong. In its prior filing, the government stated that it conducted a search of a "repository of video and photograph evidence depicting rioters in and around the U.S. Capitol on January 6, 2021." ECF No. 121 at 1. The defendant infers from the phrase "depicting rioters" that the media in question is somehow stripped of *any* depiction of *any* person other than rioters. Rather, the media that was searched is the same media searched in the context of similar searches throughout this investigation.[1]

Second, the defendant concludes that "[t]he straightforward proof of the insufficiency of the Government's search" is that no results were produced. ECF No. 126 at 2. Indeed, the defendant brashly concludes, "Surely, [Sergeant] Warner would have come up in a search of the Government's evidence." *Id.* As the government already stated, "[t]he government does not

---

[1] The government refers to its prior filings as to what media is contained in the repository. *See* ECF No. 121 at 1-2.

represent that the repository lacks any such media of Sergeant Warner. Rather, as previously represented, the technological search functions *are imperfect and complex*." ECF No. 121 at 1 (emphasis added). While the defendant seems to believe that the government can conduct a search of media files in discovery as easily as one may search Google for movie times or nearby restaurants, this assertion is factually inaccurate.

Third, the defendant asserts that, "There is no way to search [evidence.com footage] by date, time, location, defendant, or officer." ECF No. 126 at 3. This claim includes yet another error. This database is searchable by the officer *who captured the video*. For example, if the defendant identified an officer with body worn camera who was located nearby himself or Sergeant Warner, the defendant could enter that officer's name into Evidence.com and review their body worn camera. The database also contains the time that the officers began to capture the footage on January 6 as well as general GPS-location data of where the officers were located for the duration of the video.

The defendant, however, is unsatisfied with these capabilities. He believes that the videos should be tagged like a social media post with the specific rioters, officers, and locations depicted in the videos. Absent these tags, he concludes, "The video evidence is rendered unusable as produced in this format." ECF No. 126 at 3. As the government previously explained, the defendant has the same capacity as the government to conduct his own review of these videos to locate relevant portions. ECF No. 123 at 2 n.2.[2] The defendant also asserts that he does not have

---

[2] For example, on October 15, 2023, at the defendant's request, the government provided him with the videos associated with the case of *United States v. William Dunfee*, 23-cr-36 (RBW). Defense counsel indicated to the government that this defendant was located near Sergeant Warner on January 6. Although the government is not aware if Defendant Warnagiris conducted any follow up investigation based on those videos, the defendant certainly had the capacity to do so in the

the financial resources to pay for any such review of these videos. Nonetheless, the defendant has never petitioned the court for the funds to do so. *See* 18 U.S.C. § 3006A(e)(1).[3]

In sum, the government has provided ample discovery, fulfilled its ongoing constitutional obligations, and did exactly what the Court wanted it to do.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar Number 481052

By:   */s/ ANDREW HAAG*
        Andrew Haag
        Assistant United States Attorney
        Massachusetts Bar No. 705425
        601 D Street NW, Washington, DC 20530
        Tel. No.: (202) 252-7755
        Email: andrew.haag@usdoj.gov

        */s/ REBEKAH LEDERER*
        Rebekah Lederer
        Assistant United States Attorney
        Pennsylvania Bar No. 320922
        601 D St. N.W, Washington, DC 20530
        Tel. No.: (202) 252-7012
        Email: rebekah.lederer@usdoj.gov

---

manner described by the government. Similarly, the government has continued to provide the defendant, as it is obliged to do so, with FBI 302s of Sergeant Warner as well as videos depicting him as it becomes aware of such materials.

[3] However, the defendant need not petition for such funding in any event because this manual review has been done countless times in these cases, including by opposing counsel. There is simply no justifiable reason for why opposing counsel cannot do what others have done.