UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) <br> ) |
| v. | )    Criminal No. 21-00382 (PLF) <br> ) |
| CHRISTOPHER WARNAGIRIS, | ) <br> ) |
| Defendant. | ) <br> ) |

ORDER REGARDING TRIAL SCHEDULE AND PROCEDURES

In order to administer the trial of the above-captioned criminal case in a manner that is fair and just to the parties and is consistent with the goal of completing the trial of this case in the most efficient manner, it is hereby

ORDERED that counsel shall comply with each of the following procedures and requirements:

1. BRADY AND GIGLIO. The government is under a continuing and ongoing obligation to provide favorable or exculpatory information (Brady), whether or not admissible in evidence, to the defense. The government must promptly disclose information that may be useful for impeachment or otherwise affect the credibility of any government witness (Giglio) – including Lewis material. See United States v. Celis, 608 F.3d 818, 835-36 (D.C. Cir. 2010). Giglio obligations are also ongoing.

2. TRIAL. Counsel should be prepared to deliver their opening statements on **the morning of Monday, April 1 at 9:30 a.m.** Opening statements shall not exceed 30 minutes for the government and 30 minutes for the defendant, unless otherwise agreed by counsel. Any exhibits, charts, summaries, or demonstratives to be used in opening statements

must be cleared with counsel for the other side in advance.  Any objections to exhibits to be used during openings must be presented to the Court for resolution.  After opening statements, the government must be prepared to call its first witness.

Unless counsel are notified otherwise, the trail will be conducted each weekday from **9:30 a.m. to 12:30 p.m. and from 1:45 p.m. to 5:00 p.m.** in Courtroom 29A, except that **on Wednesday, April 3 and Thursday, April 4, trial will begin at 10:15 a.m.**  Counsel shall be in the courtroom at least five minutes before the Court is scheduled to begin each morning or afternoon.

       3.    <u>ELECTRONIC COURTROOM</u>.  Representatives of any party who intend to use electronic equipment during the course of this trial shall promptly meet with Philip Tran, Acting Courtroom Technology Administrator, of the Clerk's Office (202-354-3218), to arrange for the necessary equipment.  Representatives for all parties shall meet with Mr. Tran to become fully conversant with the procedures for use of the equipment in the courtroom.

       4.    <u>GENERAL COURTROOM RULES</u>.  The Court expects counsel to exercise civility at all times towards each other and towards everyone involved in the case or working with the Court.

    A.    Unless leave is otherwise given, counsel shall examine witnesses and make opening statements and closing arguments from the lectern and shall speak into the microphone.

    B.    Counsel shall obtain permission from the Court before approaching a witness.

  C. One counsel for the government and one counsel for the defendant shall be designated as lead counsel for each and every witness, for purposes of direct examination, cross-examination, redirect examination, and raising objections.

  D. The Court will strictly apply the rules on rebuttal evidence. See BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "rebuttal evidence" as "[e]vidence offered to disprove or contradict the evidence presented by an opposing party").

  E. Counsel are reminded that traditional rules regarding opening statements and closing arguments will be enforced by the Court.

  F. When addressing the Court, counsel shall stand. All objections or other statements by counsel, no matter how brief, shall be made while standing.

  G. All statements by counsel should be directed to the Court and not to opposing counsel.

  5. <u>OBJECTIONS AND EVIDENTIARY MATTERS</u>.  Any legal matters or evidentiary issues that arise during the course of the trial and have not been the subject of a motion <u>in limine</u> or pretrial motion should be discussed among counsel no later than the night before the witness or exhibit is to be offered. If there is no resolution, the issue should be raised with the Court when it convenes at 9:30 a.m. the next morning. If counsel thinks it would expedite matters, the proponent of the objection or evidence may email to Chambers and to opposing counsel the previous evening, in succinct terms, a statement of the evidentiary issue or objection and their position, with legal authority. The opposing party shall email Chambers and opposing counsel by **no later than 8:00 a.m.** the contrary position with legal authority. The Court will discuss and rule when trial begins in the morning.

6. **RULE ON WITNESSES**. All witnesses shall remain outside the courtroom except when actually testifying. Unless permission for a witness to remain in the courtroom has been expressly sought and granted, the rule on witnesses is always in effect, even during opening statements. Counsel shall instruct witnesses not to discuss their testimony with others after they leave the stand. Except for a defendant-witness (because of Sixth Amendment implications), counsel calling a witness to testify and counsel's agents should have no further discussions with that witness concerning any aspect of the testimony already given or anticipated until such time as the witness has completed his or her testimony. As to a defendant-witness, counsel and their agents are directed to the D.C. Circuit's opinion in United States v. McLaughlin, 164 F.3d 1, 4-7 (D.C. Cir. 1998), cert. denied, 526 U.S. 1079 (1999). At all other times, within the bounds of governing ethics rules and the law, counsel may pursue their discussions with witnesses during the trial.

7. **WITNESSES ON CALL**. Once the trial begins, witnesses shall be put on call at the peril of the calling party. The trial will not be recessed because a witness on call is unavailable, except in extraordinary circumstances. The Court will endeavor to accommodate out-of-town and non-party witnesses if counsel alerts the Court. The party calling a witness shall arrange for that witness's presence until cross-examination is completed, including the following trial day if need be. The failure to have a witness present for cross-examination following direct examination is grounds to strike the witness's testimony.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 28, 2024