UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:21-cr-382 (PLF) |
| | : | |
| **CHRISTOPHER WARNAGIRIS,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S SUPPLEMENTAL BRIEFING ON HEARSAY EXCEPTIONS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in response to the court's request for briefing on a variety of hearsay issue. Specifically, the Court requested briefing on: (1) whether any of the hearsay exceptions under Fed. R. Evid. 803(1), (2), or (3) apply where the defendant seeks to admit his own hearsay statements, including those in Defense Exhibit 002; and (2) whether a defendant is unavailable for the purposes of Fed. R. Evid. 804 if he invokes his Fifth Amendment right against self-incrimination.

**I.    Hearsay Exceptions**

A court may admit hearsay statements, in this case the defendant's prior statements offered by the defense, under the exception for then-existing mental, emotional, or physical conditions. Fed. R. Evid. 803(3). Specifically, this exception permits the admission of statements "of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health)[.]" *Id*. To be admissible under this exception, a declaration must "mirror a state of mind, which in light of all the circumstances, including proximity, is reasonably likely to have been in the same condition existing at the material time." *Colasanto v. Life Ins. Co. of North America*, 100 F.3d 203, 212 (1st Cir.1996) (quoting 2 John W. Strong, McCormick on Evidence § 274 (4th Ed.1992)). In addition, "the statement must

be limited to a declaration showing the declarant's state of mind and not the factual occurrence engendering that state of mind." *United States v. Lentz*, 282 F. Supp. 2d 399, 411 (E.D. Va. 2002) (citing *United States v. Joe*, 8 F.3d 1488, 1492 (10th Cir.1993)); *see also United States v. Slatten*, 395 F. Supp. 3d 45, 87 (D.D.C. 2019) ("Although Rule 803(3) permits a statement of the declarant's then existing state of mind, . . . it does not permit the declarant to relate what caused the state of mind.") (internal citation omitted). Thus, while a declarant's statement describing his physical condition may be admissible under this exception, a statement explaining *the cause* of the physical condition would not be admissible.

In the alternative, the Court may admit hearsay statements under the exception for present sense impression. Under this exception, a statement is admissible if it "describ[es] or explain[s] an event or condition, made while or immediately after the declarant perceived it." Fed. R. Evid 803(1). "[T]his exception is of limited scope, applying only where there is 'substantial contemporaneity of event and statement.'" *United States v. Wills*, 18-CR-117 (PLF), 2018 WL 6176096 at *2 (D.D.C. Dec. 21, 2018) (citing Fed. R. Evid. 803 advisory committee's note). "In addition, the permissible subject matter of a present-sense impression is limited . . . to description or explanation of the event or condition, the assumption being that spontaneity, in the absence of a startling event, may extend no farther." *Id.* (cleaned up). For the court to admit a statement under this exception, the proponent must demonstrate three elements. Those elements are:

> (1) the statement describes or explains an event or condition, (2) which the declarant perceived firsthand, and (3) the statement was made contemporaneously – while the declarant perceived the event or condition or immediately thereafter.

*Wills*, 2018 WL 6176097 at *2. Thus, this exception permits the admission of hearsay when the declaration describes an event or condition sufficiently close in time to the event or condition.

2

Lastly, hearsay is admissible if it qualifies as an excited utterance. Fed. R. Evid. 803(2). This exception applies to statements "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." *Id.* "[T]o qualify as an excited utterance, the declarant's state of mind at the time that the statement was made must preclude conscious reflection on the subject of the statement." *United States v. Alexander*, 331 F.3d 116, 122 (D.C. Cir. 2003) (citation omitted and cleaned up). The D.C. Circuit continued,

> For a statement to qualify as an excited utterance, the proponent of the exception must establish: (1) the occurrence of a startling event; (2) that the declarant made the statement while under the stress of excitement caused by the event; and (3) that the declarant's statement relates to the startling event.

*Id.* Without a startling event or the existence of any stress from that event, a statement would not be admissible under this exception.

Because it is the defendant's burden as the proponent of his statements in Defense Exhibit 002 to articulate why any of these exceptions apply, the government only reiterates its objection to the admission of the defendant's statements on hearsay grounds at this time. The government further reserves the right to raise similar objections to the admission by the defendant to his own statements.[1]

## II. Interaction between the Fifth Amendment and the Defendant's Availability

Additional hearsay exceptions may apply if a declarant is unavailable. As this Court has

---

[1] The government is aware of this Court's prior ruling on the issue of the defendant admitting his own hearsay statements. In the ruling, the Court stated that the defendant's "statements may properly be admitted for a non-hearsay purpose; for example, as evidence of Mr. Warnagiris's state of mind or intent." ECF No. 90 at 10. Given the above discussion regarding the applicability various Rule 803 exceptions, the government understands this ruling to mean that the defendant may admit his own statements so long as an applicable hearsay exception applies.

previously discussed, when a witness exercises their rights under the Fifth Amendment against self-incrimination, they may be declared unavailable under Rule 804(a). *See United States v. Clark*, 325 F. Supp. 3d 191, 196 (D.D.C. 2018); *see also United States v. Davis*, 6 F. App'x. 16, 17-18 (D.C. Cir. 2001) (discussing the application of a Rule 804 exception where the declarant invoked his Fifth Amendment rights). At this stage in the trial, the defendant has not sought to admit any of his hearsay statements through Rule 804. However, while the government is not aware of any limitation on a defendant's ability to make himself unavailable under Rule 804(a) by way of his Fifth Amendment rights, the government reserves the right to make an argument in opposition of such a finding should it become relevant. In addition, even if the defendant is unavailable under Rule 804(a), he still bears the burden to establish that a Rule 804(b) exception applies.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By: */s/ ANDREW HAAG*
Andrew Haag
Assistant United States Attorney
Massachusetts Bar No. 705425
601 D Street NW, Washington, DC 20530
Tel. No.: (202) 252-7755
Email: andrew.haag@usdoj.gov

*/s/ REBEKAH LEDERER*
Rebekah Lederer
Assistant United States Attorney
Pennsylvania Bar No. 320922
601 D St. N.W, Washington, DC 20530
Tel. No.: (202) 252-7012
Email: rebekah.lederer@usdoj.gov