UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL CASE NO: 1:21-CR-0382-PLF |
| ) | |
| CHRISTOPHER WARNAGIRIS ) | TRIAL: APRIL 1, 2024 |
| ) | |
| DEFENDANT. ) | |

**RESPONSE TO ORDER OF THE COURT**

On April 1, 2024, during the Defendant's cross-examination of the Government's first witness, the defendant asked the witness to view a video (Defense Video 002), identify the defendant and the area where the video was recorded, and identify statements that the witness heard the defendant make in this video.

The Government objeted to the admisability of the statements on the basis of hearsay.

The Defendant contended that the statement is not hearsay and may properly be admitted for the non-hearsay purpose of Mr. Warnagiris's state of mind and intent. The Defendant cited this Court's ruling in October, ECF No. 90. *See* ECF No. 90 at *10 ("As Mr. Warnagiris correctly pointed out at oral argument, his out-of-court statements only constitute hearsay when they are being admitted to prove the truth of the matter asserted in those statements. See FED. R. EVID. 801(c). His statements may properly be admitted for a non-hearsay purpose; for example, as evidence of Mr. Warnagiris's state of mind or intent."). The Defense relied on this Court's ECF 90 ruling in preparations for this trial.

Additionally, the Defendant proposed that the statement would fall under an exception to the hearsay rule pursuant to FED. R. EVID. 803 (1), (2), and (3). Rule 803 lists the exceptions to Rule 801, regardless of the declarant's availability. In relevant part, the Rule 803 states as follows:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
> (1) *Present Sense Impression*. A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it.
> (2) *Excited Utterance*. A statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused.
> (3) *Then-Existing Mental, Emotional, or Physical Condition*. A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health)

The video at issue, and all of the videos which the Defense would seek to introduce in cross-examination for a similar purpose, are what the Government refers to as "open-source videos," or videos taken by protesters in the crowd on January 6, 2021 who were recording the events live, as they were happening.

Defense Video 002 depicts Mr. Warnagiris in the crowd in front of the Capitol Rotunda Doors, stating: "I'm just getting crushed here, man; I don't have a choice. I'm just getting crushed! I'm just getting crushed! I'm just getting crushed! I'm just getting crushed! I'm just getting crushed! I cannot move! I cannot move. I cannot move."

Defense Video 002 is a video recording of the defendant making a statement while perceiving an event. It squarely fits into Rule 803(1). And, this video depicts a defendant's excited utterance, a statement made in the midst of the stress that had caused it. Therefore, the statements in Defense Video 002 squarely fit into Rule 803(2) as well. And, this video depicts

Mr. Warmagiris' then-existing state of mind as well as depicting Mr. Warnagiris' emotional, sensory, and physical condition — his words literally discuss him being crushed and not being able to move. The statements sought for admission in Defense Video 002 squarely fit into Rule 803(3) on top of that.

The Court asked whether the Defendant, Mr. Warnagiris, needs to be declared unavailable for the admissibility of his statements. In *White v. Illinois* the United States Supreme Court held that a statement made "in a moment of excitement—without the opportunity to reflect on the consequences of one's exclamation—may justifiably carry more weight with a trier of fact than a similar statement offered in the relative calm of the courtroom," and is therefore a "firmly rooted exception to the hearsay rule." *White v. Illinois*, 502 U.S. 346, 355-56 (1992) ("the evidentiary rationale for permitting hearsay testimony regarding spontaneous declarations … is that such out-of-court declarations are made in contexts that provide substantial guarantees of their trustworthiness"). In a footnote in *White v. Illinois*, the Supreme Court added that "[t]he exception for spontaneous declarations is at least two centuries old, see 6 J. Wigmore, Evidence § 1747, p. 195 (J. Chadbourn rev. 1976), and may date to the late 17th century. See *Thompson v. Trevanion*, 90 Eng. Rep. 179 (K. B. 1694)." 502 U.S. at 356 n.8. In *White v. Illinois,* the Supreme Court was specifically referencing FED. R. EVID. 803(2) and 803(4). 502 U.S. at 356 n.8. The Supreme Court concluded that out-of-court statements made as spontaneous declarations have "substantial probative value, value that could not be duplicated simply by the declarant later testifying in court."[1] *Id*. at 356; see also *Mutual Life Ins. Co. v. Hillmon*, 145 U.S. 285, 295

---

[1] The Supreme Court specifically distinguished present sense impressions from extrajudicial statements contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, and confessions. If, for example, a hypothetical defendant wanted to admit his statements to an FBI agent who intervied him after the comission of an alleged crime, that statement would likely not be admissable under Rule 803.

(1892) ("The existence of a particular intention in a certain person at a certain time being a material fact to be proved, evidence that he expressed that intention at that time is as direct evidence of the fact, as his own testimony that he then had that intention would be.")

The same rationale that the Supreme Court applied to Rule 803(2) and 803(4) equally applies to Rule 803(1) and 803(3), which are variations of the excited utterance exception to hearsay for different contexts. The Court's ruling, in essence, is a recitation of FED. R. EVID. 803(3).

All statements made by Mr. Warnagiris that would be offered into evidence by the Defense are statements the defendant made in the heat of the moment, recorded as he was making them, during the commission of the alleged offense. None of these statements are made after the defendant has an opportunity to reflect on his actions or conduct, invoking the hearsay concerns that require cross-examination. Accordingly, they all fit under a Rule 803 exception, and the declarant's testimony is not a prerequisite to their admissibility. And, these statements all probe Mr. Warnagiris' intent and motive, and are present sense impressions and excited utterances.

Mr. Warnagiris has not sought admissibility pursuant to Rule 804 and the claim of unavailability through the invocation of the Fifth Amendment. Nonetheless, this Court's prior ruling in *United States v. Clark* paves the framework for how this Court would navigate such an instance if Mr. Warnagiris were to seek admissibility under Rule 804. *See United States v. Clark*, 325 F. Supp. 3d 191, 196 (D.D.C. 2018).

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on April 1, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.