# Haag, Andrew (USADC)

| | |
|---|---|
| **From:** | Haag, Andrew (USADC) |
| **Sent:** | Wednesday, April 3, 2024 9:11 PM |
| **To:** | Michaela Olson |
| **Cc:** | LEDERER, REBEKAH (USADC); Marina Medvin, Esq. |
| **Subject:** | Government's response regarding ECF No. 135 |

Good evening Ms. Olson,

Upon further review, the government will not object to the court taking judicial notice of the text of 40 U.S.C. § 5102(a).

However, we would note that this statute has little if any relevance to the case before the court. During the trial, several witnesses used the term "Capitol Grounds" to describe what happened on January 6. As the government understands the defendant's position, he plans to argue that when witnesses used this phrase, their testimony should be treated as if they were referring to the definition of "Capitol Grounds" stated in § 5102(a). Specifically, the defendant would have the Court impute the map depicted in ECF No. 135-1 into the minds of the witnesses and then use the map from 1946 in his closing argument.

This position, however, is not so straightforward. First of all, the defendant never asked any witness whether, when they said "Capitol Grounds," they meant to refer to this map, or to the statute, or if they just meant to use the plain-English meaning of the phrase: the grounds around the Capitol. Thus, it would be improper to assume that the witnesses meant the area depicted in the 1946 map when testifying about incidents that occurred on "Capitol Grounds." Second, while the text of § 5102(a) references the 1946 map, Congress has changed the area comprising the "Capitol Grounds" several times in the intervening decades. *See* "Changes in United States Capitol Grounds," §5102. Legal description and jurisdiction of United States Capitol Grounds, https://uscode.house.gov/view.xhtml?req=granuleid:USC-prelim-title40-section5102&num=0&edition=prelim (last accessed Apr. 3, 2024). So even if a witness meant to refer to one of these maps, the Court would have no basis to infer which map they referred to. It is the government's position, therefore, that this sort of argument would be inappropriate.

Thank you,

**Andrew S. Haag**
Assistant United States Attorney, Criminal Division
U.S. Attorney's Office for the District of Columbia
601 D Street NW, Washington, DC 20530
Desk: 202-252-7755
Cell: