# Haag, Andrew (USADC)

| | |
|---|---|
| **From:** | Haag, Andrew (USADC) |
| **Sent:** | Friday, April 5, 2024 8:20 AM |
| **To:** | Michaela Olson |
| **Cc:** | LEDERER, REBEKAH (USADC); Marina Medvin, Esq. |
| **Subject:** | Government's response regarding ECF No. 136 |

Good morning Ms. Olson,

The government agrees that the Court can use the definition of "act of physical violence" as stated in 40 U.S.C. § 5104(a)(1) to define the same term in 18 U.S.C. § 1752(a)(4).

With regards to the definition of assault as it is used in § 5104(a)(1), the government's understanding is that the Court already ruled that the common law definition applies. Following the pretrial conference, the Court issued an order on a variety of issues, including a ruling on the parties' proposed definitions for "assault." In the ruling, the Court rejected the defendant's "request to use the Model Penal Code's definition of simple assault for" 18 U.S.C. §§ 111(a)(1) and 1752(a)(4), and 40 U.S.C. § 5104(e)(2)(F). ECF No. 128 at 3. The Court then continued to adopt the common law definition of assault for all three charges. *Id.* at 4.

Thank you,

**Andrew S. Haag**
Assistant United States Attorney, Criminal Division
U.S. Attorney's Office for the District of Columbia
601 D Street NW, Washington, DC 20530
Desk: 202-252-7755
Cell: