UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> CHRISTOPHER WARNAGIRIS, ) <br> ) <br> Defendant. ) <br> ) | Criminal Case No: 1:21-cr-0382-PLF |

**Memorandum of Law on
18 U.S.C. § 231(a)(3) as a Lesser Included Offense of 18 U.S.C. § 111(a)(1)**

The Defendant raised this issue during his pretrial conference on March 25, 2024— that 18 U.S.C. § 231(a)(3) is a lesser included offense of 18 U.S.C. § 111(a)(1), and, therefore, cannot be the "other felony" for § 111(a)(1). The Court and the parties agreed to brief this issue after the presentation of facts at trial but before the verdict is rendered. The defense presents its argument post-trial, accordingly.

**Summary of Argument:**

Count One, charged under 18 U.S.C. § 231(a)(3), is a lesser included offense of 18 U.S.C. § 111(a)(1) when the jurisdictional elements of the two statutes are ignored and only the substantive elements of the statutes are compared under *Blockburger*. This renders punishment only constitutionally permissible for a conviction under one of the two offenses and also precludes § 231(a)(3) from being used as the "other felony" for § 111(a)(1). Moreover, the District Court is precluded from convicting the defendant on multiplicitous counts. *See Rutledge*

*v. United States*, 517 U.S. 292 (1996) (an accused cannot be convicted of both a greater offense and a lesser-included offense because "the second conviction, even if it results in no greater sentence, is an impermissible punishment").

**I. Jurisdictional Elements are Distinct from Substantive Elements of an Offense**

Only substantive elements of a statute should be compared during a *Blockburger* analysis; jurisdictional elements should be disregarded. *United States v. Gibson*, 820 F.2d 692 (5th Cir. 1987) (holding that jurisdictional elements are excluded during a *Blockburger* analysis because they have no substantive component); *United States v. Rice*, 80 M.J. 36 (C.A.A.F. 2020) (adopting the holding of *Gibson*). *See also Grafton v. United States*, 206 U.S. 333 (1907) (rejecting the notion that the accused "committed two distinct offenses—one against military law and discipline, the other against the civil law"); *Lewis v. United States*, 523 U.S. 155, 165 (1998) (differentiating between substantive elements and jurisdictional elements); *Torres v. Lynch*, 136 S. Ct. 1619 (2016) (holding that a state crime was an aggravated felony like its federal counterpart, even though it lacked the jurisdictional element). *But see United States v. Hairston*, 64 F.3d 491, 496 (9th Cir. 1995) (a 1995 decision declining to adopt the reasoning in *Gibson,* though decided prior to the Supreme Court's opinion of *Lewis v. United States* and *Torres v. Lynch*); *United States v. Medley*, 972 F.3d 399 (4th Cir. 2020) (a 2020 decision declining to adopt the reasoning in *Gibson* after *Lewis v. United States* and *Torres v. Lynch*).

The distinction between substantive elements and jurisdictional elements was first discussed by the Supreme Court in *Grafton v. United States*, without the Court using these exact terms. *See Grafton v. United States*, 206 U.S. 333 (1907) (rejecting the notion that the accused

"committed two distinct offenses—one against military law and discipline, the other against the civil law").

In 1998, in *Lewis v. United States*, the Supreme Court specifically differentiated between substantive elements and "elements of the crimes reflect jurisdictional, or other technical, considerations, or where differences amount only to those of name, definitional language, or punishment." *Lewis v. United States*, 523 U.S. 155, 165 (1998).

In 2016, in *Torres v. Lynch*, the Supreme Court clearly distinguished between substantive and jurisdictional elements of a federal criminal statute when comparing it to a state statute. *Torres v. Lynch*, 136 S. Ct. 1619 (2016) (holding that a state crime was equivalent to its federal counterpart even though it lacked the jurisdictional element). In explaining how courts should approach comparing two statutes, the Supreme Court noted that courts should ignore jurisdictional elements and focus only on substantive elements. *Id*. at 1631.

> ignore jurisdictional elements: When the "differences among elements" of the state and federal crimes "reflect jurisdictional, or other technical, considerations" alone, then the state law will have no effect in the area. *Lewis* v. *United States*, 523 U. S. 155, 165 (1998); see also *id.*, at 182 (KENNEDY, J., dissenting) (agreeing that courts should "look beyond . . . jurisdictional elements," and focus only on substantive ones, in determining whether "the elements of the two crimes are the same"). In such a case, we reasoned—just as we do now—that Congress meant for the federal jurisdictional element to be set aside.

Most recently, in *Rehaif v. United States*, the Supreme Court ruled that *mens rea* elements do not extend to jurisdictional elements because they "do not describe the 'evil Congress seeks to prevent,'" but instead simply ensure that the Federal Government has the constitutional authority to regulate the defendant's conduct. *Rehaif v. United States*, 139 S. Ct. 2191, 2196 (2019).

This court's adoption of, and Judge Howell's reasoning in, *United States v. Carnell* lends additional support to this rationale. *See United States v. Carnell*, Crim. Case No. 23-139, ECF No. 98 at *13-19, 24-31 (D.D.C. Feb. 15, 2024). *But see* ECF No. 128 at *2 (considering the

jurisdictional elements of the offense as substantive for purposes of *Blockburger,* but without the parties briefing the Court on the application of *Gibson* and *Torres v. Lynch* to *Blockburger*).

Considering these cases as a body of law, and consistent with *Torres v. Lynch,* the most rational conclusion is the one announced in the Fifth Circuit's *Gibson* decision— that only substantive elements of a statute should be compared during a *Blockburger* analysis and that jurisdictional elements should be disregarded, because a "jurisdictional fact, while a prerequisite to prosecution under a particular statute, is not in itself an evil that Congress seeks to combat." *Gibson*, 820 F. 2d at 689.

## II. The Fifth Amendment Precludes Punishment for Both a Lesser Included Offense and a Greater Offense

The Fifth Amendment forbids "cumulative punishment for a greater and lesser included offense." *Brown v. Ohio*, 432 U.S. 161, 169 (1977); *Rutledge v. United States*, 517 U.S. 292 (1996). The prohibition is triggered when "the same act or transaction" is punished by two separate statutes. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Under *Blockburger*, if two offenses have the same elements, those offenses are the same. *United States v. Dixon*, 509 U.S. 688, 696 (1993). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied . . . is whether each provision requires proof of a fact which the other does not." *Blockburger,* 284 U.S. at 304. If the lesser included offense requires no proof beyond that required for the greater offense, the two are the same offense for purposes of the Double Jeopardy Clause analysis. *See Brown v. Ohio*, 432 U.S. at 169.

**III. Review of the Elements of the Statutes in the Indictment**

    **A) The Civil Disorder Charge**

The charge known colloquially as "civil disorder," 18 U.S.C. § 231(a)(3), consists of a joint *actus reus / mens rea* element, a victim element, and a jurisdictional element. The joint *actus reus / mens rea* element is "any act to obstruct, impede, or interfere with." This portion is then followed by a qualifier that the victim be a fireman or law enforcement officer. Based on the reasoning in *United States v. Feola*, 420 U.S. 671 (1975) (discussing the victim clause of Section 111 as a jurisdictional element), the victim portion of the statute might be jurisdictional only.

The victim portion is then followed by a wordy yet clearly jurisdictional-only element: that the fireman or officer be "lawfully engaged in the lawful performance of his official duties" that are being performed "incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function." *See also United States v. Phomma*, 561 F. Supp. 3d 1059, 1065 (D. Or. 2021) (discussing the jurisdictional elements of civil disorder). These elements serve a purely jurisdictional purpose — the defendant need not participate in or have any knowledge of the "civil disorder," nor the nature of the officer's performance of his duties incident thereto, in order to be convicted of the offense. *See Torres v. Lynch*, 136 S. Ct. 1619,1631 (2016) ("courts have routinely held that a criminal defendant need not know of a federal crime's interstate commerce connection to be found guilty"); *United States v. Pugh*, 90 F.4th 1318 (11th Cir. 2024) (discussing portions of the civil disorder clause as a jurisdictional-only element).

### B) The Felony Assault Charge

The joint *actus reus / mens rea* element of 18 U.S.C. § 231(a)(3) is a lesser included offense of the joint *actus reus / mens rea* element under 18 U.S.C. § 111(a)(1). Compare: "any act to obstruct, impede, or interfere with," with the 111(a) acts of assault, resistance, opposition, impediment, intimidation, or interference, each of which must be done forcibly.

The victim elements of both code sections are likely jurisdictional. Still, they can be compared as substantive as well, with the victim elements of § 231(a)(3) being a lesser-included version of § 111(a)(1). Compare: "a fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties" with "any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance." Neither § 231(a)(3) nor § 111(a)(1) require the defendant to have known that the officer was engaged in the performance of his duties.

The remaining portions of 18 U.S.C. § 231(a)(3) and 18 U.S.C. § 111(a)(1) are purely jurisdictional elements, as discussed above.

### C. Civil Disorder is a Lesser Included Offense of § 111(a)(1)

The joint *actus reus / mens rea* element of 18 U.S.C. § 231(a)(3) is a lesser included offense of the joint *actus reus / mens rea* element under 18 U.S.C. § 111(a)(1). Compare: "any

act to obstruct, impede, or interfere with," with the 111(a) acts of assault, resistance, opposition, impediment, intimidation, or interference, each of which must be done forcibly.

The victim elements of both code sections are likely jurisdictional. Still, they can be compared as substantive as well, with the victim elements of § 231(a)(3) being a lesser-included version of § 111(a)(1). Compare: "a fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties" with "any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance." Neither § 231(a)(3) nor § 111(a)(1) require the defendant to have known that the officer was engaged in the performance of his duties.

The remaining portions of 18 U.S.C. § 231(a)(3) and 18 U.S.C. § 111(a)(1) are purely jurisdictional elements, as discussed *supra*.

## IV. A Lesser-Included Offense Cannot Serve as "Another Felony" to Increase Penalty For the Greater Offense

The function of the "other felony" prong of 18 U.S.C. § 111(a) is to enhance the penalty for an offender who commits a § 111(a) violation while also intending to commit another felony. The other felony used for § 111(a) cannot be a violation of a statute that punishes the exact same *actus reus / mens rea*— certainly not one that is charged for the same alleged victim and at the exact same time. The result is that a lesser-included offense is being used to enhance the penalty

of the greater offense. This result is a nonsensical tautology akin to a Möbius strip. It's also unconstitutional. *See Brown v. Ohio*, 432 U.S. 161 (1977); *Ball v. United States*, 470 U.S. 856 (1985); *Rutledge v. United States*, 517 U.S. 292 (1996).

From the perspective of a defendant whose *mens rea / actus reus* are irrelevant to the differentiable jurisdiction portions of § 111(a)(1) and § 231(a)(3), the defendant is being punished multiple times for identical intent and conduct — and with higher penalties, at that — due solely to the differentiable jurisdictional clauses. This is a wrong that the Fifth Amendment precludes. Taking the jurisdictional elements out of the equation shows clearly that § 111(a)(1) and § 231(a)(3) punish the same underlying *actus reus* and *mens rea*, with § 231(a)(3) being a lesser included offense of § 111(a)(1). The defendant cannot be convicted of both the lesser included and greater offense; therefore, the Government cannot use 18 U.S.C. § 231(a)(3) as a penalty enhancement or required predicate for 18 U.S.C. § 111(a). *See Ball v. United States*, 470 U.S. 856 (1985); *Rutledge v. United States*, 517 U.S. 292 (1996); *United States v. Cooper,* 886 F.3d 146 (D.C. Cir. 2018).

**V. Defendant Cannot Be Convicted of Both 18 U.S.C. § 231(a)(3) and 18 U.S.C. § 111(a)**

After the trial, the defendant can move for, and will do so in a motion to follow, a lesser-included offense instruction under Fed. R. Crim. P. 31(c) on Counts One and Three — as well as for other counts. *See United States v. Whitaker*, 447 F.2d 314, 319 (D.C. Cir. 1971); *Schmuck v. United States*, 489 U.S. 705 (1989).

With or without a lesser-included-offense instruction, the Double Jeopardy Clause precludes multiplicitous convictions on both lesser-included and greater counts. *See Rutledge v.*

*United States*, 517 U.S. 292 (1996) (an accused cannot be convicted of both a greater offense and a lesser-included offense because "the second conviction, even if it results in no greater sentence, is an impermissible punishment"); *Ball v. United States*, 470 U.S. 856 (1985); *United States v. Cooper,* 886 F.3d 146 (D.C. Cir. 2018); *United States v. Dale*, 991 F.2d 819 (D.C. Cir. 1993) (remanding the case back to the district court to vacate one of the overlapping counts of conviction).

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on April 12, 2024 , I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.