UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) <br> ) <br> **v.** ) <br> ) <br> **CHRISTOPHER WARNAGIRIS**, ) <br> ) <br> Defendant. ) <br> ) | Criminal Case No: 1:21-cr-0382-PLF |

**Motion for Rule 31(c) Instruction**

Based on the reasoning articulated in ECF No. 143, Christopher Warnagiris hereby moves for a Rule 31(c) lesser-included offense instruction for various counts of the nine-count indictment.

1) Count One is a lesser included offense of Count Three

2) Count Nine is a lesser included offense of Count Seven

3) Count Four is a lesser included offense of Count Five and Count Six

4) Count Seven is a lesser included offense of Count Five

5) Counts Five, Seven, and Nine are each lesser included offenses of Count Two

6) Count Six is a lesser included offense of Count Eight

7) Counts Six and Eight are lesser included offenses of Count Three

Fed. R. Crim. P. 31(c) allows a defendant to seek instruction on a lesser offense when the evidence adduced at trial establishes the lesser offense. *United States v. Whitaker*, 447 F.2d 314,



319 (D.C. Cir. 1971); *Schmuck v. United States*, 489 U.S. 705 (1989). Independently and additionally, the District Court is precluded by the Double Jeopardy Clause from convicting the defendant on multiplicitous counts. *See Rutledge v. United States*, 517 U.S. 292 (1996) (an accused cannot be convicted of both a greater offense and a lesser-included offense because "the second conviction, even if it results in no greater sentence, is an impermissible punishment").

**1) Count One is a lesser included offense of Count Three**

See explanation in ECF No. 143.

**2) Count Nine is a lesser included offense of Count Seven**

Count Seven is charged under 40 U.S.C. Section 5104(e)(2)(D). The *mens rea* element is willfully and knowingly. The required specific intent is to impede, disrupt, and disturb the orderly conduct of Congress [shortened]. The *actus reus* element is engaging in disorderly and disruptive conduct. The jurisdictional element is on the Grounds or in any of the Capitol Buildings.

Count Nine is charged under 40 U.S.C. Section 5104(e)(2)(G). The *mens rea* element is willfully and knowingly. The *actus reus* element is parading, demonstrating, or picketing. The jurisdictional element is on the Grounds or in any United States Capitol Building.

The mens rea elements of the two charges overlap. Even the jurisdictional elements overlap. The actus reus of 5104(e)(2)(G) is the lesser included conduct required to satisfy 5104(e)(2)(D). And, 5104(e)(2)(D) has additional elements that 5104(e)(2)(G) does not. Accordingly, 5104(e)(2)(G) is the lesser included offense of 5104(e)(2)(D).

If the trier of fact finds the facts are sufficient to prove each of these counts beyond a reasonable doubt, the Defendant can be found guilty of either Count Seven or Count Nine, but not both.

**3) Count Four is a lesser included offense of Count Five and Count Six**

Count Four is charged under 18 U.S.C. Section 1752(a)(1). The *mens rea* element is knowingly. The *actus reus* element is entering and remaining. The jurisdictional element is in a restricted building or grounds. *See United States v. Carnell*, Crim. Case No. 23-139, ECF No. 98 (D.D.C. Feb. 15, 2024).

Count Six is charged under 18 U.S.C. Section 1752(a)(4). The *mens rea* is knowingly. The *actus reus* is "engaging in an act of physical violence." The jurisdictional element for this code section is in a restricted building or grounds.

Count Five is charged under 18 U.S.C. Section 1752(a)(2). The *mens rea* element is knowingly. The required specific intent is to impede and disrupt the orderly business of government or official functions. The *actus reus* element is engaging in disorderly and disruptive conduct. The jurisdictional element is that it be done within proximity to a restricted building or grounds. *See United States v. Carnell*, Crim. Case No. 23-139, ECF No. 98 (D.D.C. Feb. 15, 2024). An additional substantive-jurisdictional element is that the government's business or official functions be, in fact, disrupted.

All three of these counts share a common *mens rea* requirement and a common jurisdictional element. The only difference between these counts is the *actus reus* element as well

as an additional cause-in-fact element in Count Five. Count Four's enter and remain *actus reus* element is the lesser included of both Count Five and Count Six.

If the trier of fact finds the facts sufficient to prove each of these counts beyond a reasonable doubt, the Defendant can be found guilty of Count Four or Count Six and Five, but not Count Four together with Count Six, nor Count Four together with Count Five.

**4) Count Seven is a lesser included offense of Count Five**

Count Seven is charged under 40 U.S.C. Section 5104(e)(2)(D). The *mens rea* element is willfully and knowingly. The required specific intent is to impede, disrupt, and disturb the orderly conduct of Congress [shortened]. The *actus reus* element is engaging in disorderly and disruptive conduct. The jurisdictional element is on the Grounds or in any of the Capitol Buildings.

Count Five is charged under 18 U.S.C. Section 1752(a)(2). The *mens rea* element is knowingly. The required specific intent is to impede and disrupt the orderly business of government or official functions. The *actus reus* element is engaging in disorderly and disruptive conduct. The jurisdictional element is that it be done within proximity to a restricted building and grounds and that the government's business or official functions be, in fact, disrupted. The "in fact" disruption element serves a jurisdictional purpose because the defendant is not required to have known that his conduct disrupted the session of Congress, but it is also substantive because it is in itself an evil that Congress seeks to combat. *See United States v. Gibson*, 820 F.2d 692, 689 (5th Cir. 1987).

In Count Five, the combination of the intent element "knowingly," when paired with the requisite specific intent required by the statute, becomes the functional equivalent of the knowingly and willfully *mens rea* required under Count Seven. The *mens rea* required by the two statutes are functionally equivalent. The *actus reus* element of Count Five is identical to that of Count Seven. The jurisdictional elements are disregarded for this comparison. Count Five then has an additional element, the dual substantive-jurisdictional element. Accordingly, Count Seven is the lesser included offense of Count Five.

If the trier of fact finds the facts are sufficient to prove each of these counts beyond a reasonable doubt, the Defendant can be found guilty of either Count Five or Count Seven, but not both.

**5) Counts Five, Seven, and Nine are each lesser included offenses of Count Two**

Count Nine is charged under 40 U.S.C. Section 5104(e)(2)(G). The *mens rea* element is willfully and knowingly. The *actus reus* element is parading, demonstrating, or picketing. The jurisdictional element is in any United States Capitol Building.

Count Seven is charged under 40 U.S.C. Section 5104(e)(2)(D). The *mens rea* element is willfully and knowingly. The required specific intent is to impede, disrupt, and disturb the orderly conduct of Congress [shortened]. The *actus reus* element is engaging in disorderly and disruptive conduct. The jurisdictional element is on the Grounds or in any of the Capitol Buildings.

Count Five is charged under 18 U.S.C. Section 1752(a)(2). The *mens rea* element is knowingly. The required specific intent is to impede and disrupt the orderly business of

government or official functions. The *actus reus* element is engaging in disorderly and disruptive conduct. The jurisdictional element is that it be done within proximity to a restricted building and grounds and that the government's business or official functions be, in fact, disrupted. The "in fact" disruption element serves a jurisdictional purpose because the defendant is not required to have known that his conduct disrupted the session of Congress, but it is also substantive because it is in itself an evil that Congress seeks to combat. *See United States v. Gibson*, 820 F.2d 692, 689 (5th Cir. 1987).

Count Two is Charged under Sections 1512(c)(2). The *mens rea* element is *corruptly*. The specific intent is to obstruct, influence or impede the official proceeding. The *actus reus* is obstructed, influence, or impede. The joint substantive/jurisdictional element is an official proceeding, that is, a proceeding before Congress.

Corruptly is a *mens rea* element that encompasses knowing and willful actions. *See* ECF No. 128 at *2; *United States v. Kanchanalak*, 37 F. Supp. 2d 1 (D.D.C. 1999). Count Two therefore, encompasses the *mens rea* requirements for Counts Five, Seven, and Nine. Count Two's *actus reus* of obstructing, influencing, or impeding also encompasses the disorderly and disruptive conduct *actus reus* of Counts Five and Seven, and their lesser included *actus reus* as outlined in Count Nine. Count Two's specific intent element also encompasses the specific intent element of Counts Five and Seven (and the no specific intent element of Count Nine). The jurisdictional elements of the other counts can be disregarded per the holding in *Gibson*. *See* ECF No. 143. *But see* ECF No. 128 at *2 (considering the jurisdictional elements of the offense as substantive for purposes of *Blockburger* without the parties briefing the Court on the application of *Torres v. Lynch* to *Blockburger*). Accordingly, and the conclusion being reached through an

analysis that is different from the one previously conducted by this Court in ECF No. 128 for purposes of a Motion to Dismiss, Count Two is indeed the greater offense of Counts Five, Seven, and Nine, and this multiplicity implicates the Fifth Amendment.

The Defendant cannot be found guilty of any combination of Count Two, Five, Seven, or Nine that are multiplicitous with one another.

### 6) Count Six is a lesser included offense of Count Eight

Count Eight's *mens rea* is willfully and knowingly. The *actus reus* is engaging in an act of physical violence. The jurisdictional element for this code section is on the Grounds or in any of the Capitol Buildings.

Count Six *mens rea* is knowingly. The *actus reus* is engaging in an act of physical violence. The jurisdictional element for this code section is in a restricted building or grounds.

Count Six has the lesser included *mens rea* of Count Eight. Both counts have the same *actus reus* elements. And the jurisdictional elements are disregarded. Accordingly, Count Six is the lesser included offense of Count Eight.

If the trier of fact finds the facts are sufficient to prove each of these counts beyond a reasonable doubt, the Defendant can be found guilty of either Count Six or Count Eight, but not both.

**7) Assault under Counts Six and Eight is the lesser included offenses of assault under Count Three**

Count Three proscribes three offenses: misdemeanor forcible assault, felony forcible assault with physical contact, and, according to this court's decision to agree with Judge Moss' *Cua* Opinion, a separate felony charge that does not require proof of an assault. This comparison will only address the assault prongs of the statute and will compare them only to the assault prongs of Counts Six and Eight, which proscribe two separate crimes as well — assault and destruction of property.

Count Six's *mens rea* is knowingly while Count Eight's *mens rea* is willfully and knowingly. The *mens rea* of Section 111(a) is not explicitly written in the statute. Nonetheless, this court found that the *mens rea* required for Section 111(a) is "voluntarily and intentionally." *See United States v. Connell*, Crim. No. 21-0084 (D.D.C. June 30, 2023); *United States v. GossJankowski*, Crim. No. 21-0123 (D.D.C. Mar. 17, 2023). The definition of willfulness, according to the Supreme Court, encompasses doing an act voluntarily and intentionally. *See United States v. Pomponio*, 429 U.S. 10, 12-13 (1976); *Cheek v. United States*, 498 U.S. 192, 201 (1991); *Bryan v. United States*, 524 U.S. 184, 197-99 (1998) (accepting a definition of wilfulness as purposeful and intentional conduct). At a minimum, there is no meaningful distinction between the proof required by "willfully and knowingly" and "voluntarily and intentionally." Accordingly, the *mens rea* elements for Count Eight and Two appear to be the same, while the *mens rea* element for Count Six is the lesser included of the two.

The *actus reus* elements of Counts Two, Six, and Eight each require a minimum of assault, with Count Two adding two additional requirements that Counts Six and Eight do not—that the assault be done forcibly and that there be physical contact with the victim.

The jurisdictional elements can be disregarded for purposes of this analysis.

Accordingly, assault proscribed under Counts Six and Eight is a lesser included assault of Count Two's felony assault prong.

If the trier of fact finds the facts are sufficient to prove each of these counts beyond a reasonable doubt, the Defendant can be found guilty of either one of Count Two, Six or Count Eight, but not of all three.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on April 12, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.

