UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | Criminal Case No: 1:21-cr-0382-PLF |
| ) | |
| **CHRISTOPHER WARNAGIRIS**, ) | *Status: Awaiting Trial Verdict* |
| ) | |
| Defendant. ) | |

**MOTION TO REVERSE AND RECONSIDER DENIAL OF
DEFENDANT'S RULE 29 MOTION FOR ACQUITTAL ON COUNT TWO**

During Christopher Warnagiris' trial in the first week of April of 2024, the Defendant moved for acquittal on Count Two under Fed. R. Crim. Pro. 29. The Defendant moved for acquittal after the close of the Government's case and then renewed his motion after the close of all the evidence. The Court denied Mr. Warnagiris' Motion for Acquittal under Rule 29.

On June 28, 2024, the Supreme Court decided *Fischer v. United States*, — U.S. —, — S. Ct. —, No. 23-5572, 2024 WL 3208034 (June 28, 2024). The Supreme Court reversed the D.C. Circuit and held that in order to "prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or as we earlier explained, other things used in the proceeding, or attempted to do so." The Court required for Subsection (c)(2) to be read "in light of (c)(1)," not independent of it. Subsection (c)(2) was "designed by Congress to capture other forms of evidence and other means of impairing its integrity or availability beyond those Congress specified in (c)(1)," and is therefore "limited by the scope of (c)(1)," the Supreme Court

explained. In short, "[n]othing in the text or statutory history suggests that subsection (c)(2) is designed to impose up to 20 years' imprisonment on essentially all defendants who commit obstruction of justice in any way and who might be subject to lesser penalties under more specific obstruction statutes."

A final judgment has not been issued by this Court. Accordingly, the power to reconsider and reverse the Order denying Mr. Warnagiris' Motion for Acquittal remains within the purview of this court. *See Ex parte Lange,* 85 U.S. 163, 167 (1873) ("The general power of the court over its own judgments, orders, and decrees, in both civil and criminal cases, during the existence of the term at which they are first made, is undeniable"); *Nw. Fuel Co. v. Brock*, 139 U.S. 216, 219 (1891)("Jurisdiction to correct what had been wrongfully done must remain with the court so long as the parties and the case are properly before it"); *Banister v. Davis*, 140 S. Ct. 1698, 1706 (2020) (discussing the "common-law power to alter or amend [their] own judgments during the term of court in which they were rendered, prior to any appeal"); *United States v. DaSilva*, Crim. No. 1: 21-cr-00564 (CJN) (D.D.C. Feb. 8, 2024) (reconsidering and reversing a Guilty finding on three criminal counts, months after the fact, and finding the defendant Not Guilty on those three counts, citing Supreme Court precedent for the authority to do so).

Therefore, Mr. Warnagiris moves for this Court to reverse and reconsider the denial of his Rule 29 Motion for Acquittal of Count Two under the standard outlined in *Fischer v. United States*, No. 23-5572.

The evidence that was presented to this Court at trial is insufficient as a matter of law for a finding of guilt under the standard required by *Fischer v. United States*. In order to prove a violation of Section 1512(c)(2), the Government must establish an *actus reus* prohibited by the

statute, that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, or objects used in the proceeding, or attempted to do so. None of the evidence presented at trial established that Mr. Warnagiris impaired or attempted to impair the availability or integrity for use in an official proceeding of records, documents, or objects — certainly not beyond a reasonable doubt. There was no evidence at all whatsoever related to Mr. Warnagiris' connection to any official documents, records, or objects. Mr. Warnagiris never touched any records, documents, or objects and left the Capitol Building without ever stepping foot on the House or Senate Floor. There was no evidence presented that Mr. Warnagiris impaired the availability or integrity for use in an official proceeding of records, documents, or objects, used in the certification of the election, or proof that he attempted to do so.

The evidence presented at trial is insufficient to go to verdict on Count Two under Rule 29. *See Curley v. United States*, 160 F.2d 229, 232 (D.C. Cir.), cert. denied, 331 U.S. 837, reh'g denied, 331 U.S. 869 (1947) (if "a reasonable mind must be in balance as between guilt and innocence, a verdict of guilt cannot be sustained"). Only "legitimate inferences" can be made from evidence presented. *See Cooper v. United States*, 218 F.2d 39, 41-42 (D.C. Cir. 1954). "In other words, this court [cannot] indulge in fanciful speculation or bizarre reconstruction of the evidence" to aid the government. *United States v. Recognition Equipment Inc.*, 725 F. Supp. 587, 588 (D.D.C. 1989). The trial court must grant a defendant's Rule 29 motion when the fact-finder has no evidentiary basis for its action, or if the court finds that a reasonable trier of fact would have a reasonable doubt as to the existence of *any* of the essential elements of the crime. *See United States v. Campbell*, 702 F.2d 262 (D.C. Cir. 1983); *Recognition Equipment Inc.*, 725 F. Supp. at 588. Thus, even if a single element of a statute was not proven by the government in its

case-in-chief there are sufficient grounds for acquittal. *See, e.g. Campbell*, 702 F.2d 262; *Recognition Equipment Inc.*, 725 F. Supp. at 602; *Cooper*, 218 F.2d at 42; *United States v. Sheets*, No. 3: 07-CR-68 (E.D. Tenn. Mar. 27, 2009). In this case, the requisite *actus reus* element of Count Two as related to records, documents, or objects was not established at trial and therefore warrants acquittal.

Accordingly and pursuant to *Fischer v. United States,* this Court should acquit Mr. Warnagiris of Count Two.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on June 30, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.