UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**,   ) | |
| ) | |
| v.   ) | Criminal Case No: 1:21-cr-0382-PLF |
| ) | |
| **CHRISTOPHER WARNAGIRIS**,   ) | *Status: Awaiting Trial Verdict* |
| ) | |
| Defendant.   ) | |

**Defendant's Motion to Modify Bench Instructions for Count Two Based on the Supreme Court's Ruling in *Fischer v. United States*

Based on the recent Supreme Court decision in *Fischer v. United States*, — U.S. —, — S. Ct. —, No. 23-5572, 2024 WL 3208034 (June 28, 2024), Christopher Warnagiris moves for this Court to modify the Bench Instructions that will be used by the Court to determine his verdict on Count Two.

## Case Status

Mr. Warnagiris was tried via bench trial for a period of five days, lasting from April 1 through April 5 of 2024. The Court wisely deferred rendering any verdicts in this case until the resolution of *Fischer v. United States*, which was pending before the Supreme Court and has now been resolved, and *United States v. Griffin*, which is still pending before the D.C. Circuit Court of Appeals. *Fischer* is relevant as to Count Two and *Griffin* is relevant as to Counts Four, Five and Six.

On June 28, 2024, the Supreme Court decided *Fischer v. United States*, No. 23-5572 (U.S.). The Supreme Court's decision directly impacts this case and requires an alteration of the Legal Instructions proposed by the Government.

*United States v. Griffin* is still pending.

**Supreme Court's Ruling in *Fischer v. United States***

On June 28, 2024, the Supreme Court decided *Fischer v. United States*, — U.S. —, — S. Ct. —, No. 23-5572, 2024 WL 3208034 (June 28, 2024) and held that in order to "prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or as we earlier explained, other things used in the proceeding, or attempted to do so." The Court required for Subsection (c)(2) to be read "in light of (c)(1)," not independent of it. Subsection (c)(2) was "designed by Congress to capture other forms of evidence and other means of impairing its integrity or availability beyond those Congress specified in (c)(1)," and is therefore "limited by the scope of (c)(1)," the Supreme Court explained. In short, "[n]othing in the text or statutory history suggests that subsection (c)(2) is designed to impose up to 20 years' imprisonment on essentially all defendants who commit obstruction of justice in any way and who might be subject to lesser penalties under more specific obstruction statutes."

**Legal Instruction for Mr. Warnagiris' Case**

The jury instructions that the Government proposed to this Court and which the Court planned to adopt are in direct contradiction to the Supreme Court ruling in *Fischer* on the *actus*

*reus* required by the statute. The proposed instruction is an over-broad reading of the statute that was based on the D.C. Circuit Court of Appeals' decision in *United States v. Fischer,* which was reversed by the Supreme Court. The standard for the *actus reus* outlined by the current instruction is unbound by Subsection (c)(1)'s requirement that the alleged *actus reus* be tethered to "record," "document," or other "object," and a defendant's alleged attempt or impairment of the availability or integrity for use in an official proceeding of such object. The requirements of (c)(1) are entirely omitted from consideration by these instructions.

Instead, as to the *actus reus,* the modified Legal Instruction should read to say that in order to prove a violation of Section 1512(c)(2), "the Government must establish beyond a reasonable doubt that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, or other object, or attempted to do so."

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on June 30, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

       /s/
Marina Medvin, Esq.