UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:21-cr-382 (PLF) |
| : | |
| CHRISTOPHER WARNAGIRIS, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S SUPPLEMENTAL BRIEFING ON DEFENDANT'S LESSER-INCLUDED OFFENSES ARGUMENT

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in response to the court's order (ECF No. 163) requesting updated briefing highlighting any decisions, from this District and/or Circuit that may inform the Court's consideration of Defendant Warnagiris's arguments that certain of the offenses with which he is charged are lesser-included offenses of other offenses with which he is charged (ECF No. 143 and 144) and the government's arguments in response (ECF No. 146). As an initial matter, the government reiterates its position that the Defendant's motions, ECF No. 143 and 144, should be denied for failure to comply with the Court's order (ECF No. 91 and 99) to submit objections to bench instructions by December 15, 2023. ECF No. 146 at 1-3.

Turing to the substance, or lack thereof, Warnagiris' Motion for Rule 31(c) Lesser-Included Offense Instruction (ECF No. 143) is essentially a repackaged motion to dismiss for multiplicity, which courts in this District have routinely rejected prior to the parties' April 2024 briefing.[1] Since April of 2024, courts have continued to deny motions to dismiss based on claims

---

[1] *See, e.g., United States v. Bennett*, No. CR 21-312 (JEB), 2023 WL 6460026, at *4 (D.D.C. Oct. 4, 2023) ("This Court and other courts in this district have uniformly rejected arguments that various subsections of 18 U.S.C. § 1752 and 40 U.S.C. § 5104 — the bases for Counts II through VI here — are duplicative.") citing *United States v. Ballenger*, 2022 WL 14807767, at *2 (D.D.C. Oct. 26, 2022) (applying *Blockburger* test to show that § 1752(a)(2) required proof of

1

of multiplicity. *See*, *United States v. Patrick Woehl*, 24-cr-83 (DLF), May 3, 2024 Minute Order (denying a multiplicity motion for 18 U.S.C. § 1752 and 40 U.S.C. § 5104); *United States v. Jared Wise*, 23-cr-184 (RDM), Aug. 26, 2024 Minute Entry; *United States v. Mario Mares*, 23-cr-252 (ACR), 09/13/24 PTC Tr. at 11); *United States v. Pollock, et al.*, 21-cr-447 (CJN), Sept. 26, 2024 Minute Entry.

As noted in the government's response brief (ECF No. 146 at 7), Judge Nichols is also the only other judge in this district to consider a jurisdictional argument similar to that raised by Defendant Warnagiris in ECF No. 144. In *United States. v. DaSilva*, 21-cr-564 (CJN), the defendant, represented by the same counsel as Warnagiris, wrapped a similar jurisdictional and multiplicity argument, regarding 18 U.S.C. §§ 231(a) and 111(a)(1) and 40 U.S.C. 5104(e)(2)(F), in a Rule 29 motion. *DaSilva*, 21-cr-564 (CJN), ECF No. 122. In that motion, as Warnagiris does here, DaSilva argued jurisdictional elements must be ignored when comparing substantive elements under the analysis set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *See* ECF No. 144.

Judge Nichols rejected the motion as untimely, but also denied it on the merits.[2] Specifically, Judge Nichols rejected the argument that § 231(a) is a lesser-included offense of §111(a), reasoning that ". . . Section 111(a)(1) requires forcible conduct[,] [w]hile the conduct

---

element that § 5104(e)(2)(G) did not and vice versa); *United States v. Dennis*, No. 21-679, ECF No. 45 at 2–3 (D.D.C. Dec. 6, 2022) (same as to § 1752(a)(1), § 1752(a)(2), § 5104(e)(2)(D), and § 5104(e)(2)(F)); *United States v. Macandrew*, 2022 WL 17983533, at *1 (D.D.C. Dec. 27, 2022) (same as to § 1752(a)(1), § 1752(a)(2), § 5104(e)(2)(D), and § 5104(e)(2)(G)); *United States v. Munchel*, 2023 WL 2992689, at *4–5 (D.D.C. Apr. 18, 2023) (same as to § 1752(a)(1), § 1752(a)(2), § 5104(e)(2)(B), § 5104(e)(2)(D), and § 5104(e)(2)(G)).

[2] Judge Nichols acknowledged DaSilva's attempt to litigate multiplicity under the guise of the Rule 29 motion, stating 'It's functionally an argument that the indictment violated the double jeopardy clause, and that argument should have been raised earlier. But I'm not relying solely on the timing. I have engaged with the substance." *DaSilva* 4/23/24 Sent. Tran. at 21.

required under [§ 231(a)(3)] need not be forcible. And [§ 231(a)(3)] requires that the officers were engaged in duties incident to a civil disorder, while neither [§ 111(a)] nor [§ 5104(e)(2)(F)] requires such proof." *DaSilva,* 21-cr-654, 4/23/24 Sent. Tr. at 21. In doing so, Judge Nichols also flatly rejected counsel's reliance on *United States v. Gibson*, 820 F.2d 696 (5th Cir. 1987) finding it "suspect" based on the Fifth and Sixth Circuits expressed concerns with the *Gibson* reasoning and the Eighth and Ninth Circuits rejection of its application. *DaSilva*, 21-cr-654, 4/23/24 Sent. Tr. at 22. As for DaSilva's argument that § 5104(e)(2)(F) is a lesser-included offense of § 111(a), Judge Nichols noted, "Logically, Congress had good and significant reasons beyond jurisdictional concerns for targeting crimes at the Capitol and crimes against certain government officers, employees." *Id*.

Judge Nichols's review and rejection of *Gibson* was echoed this June by the Fourth Circuit. In *United States v. Whitley*, 105 F.4th 672 (4th Cir. 2024), the Fourth Circuit reiterated courts have the ability to consider jurisdictional elements during a *Blockburger* analysis. In that case, Whitley argued his conviction of Hobbs Act Robbery was a lesser included offense of carjacking because the two counts shared the same elements. *Id*. at 678-681. The Fourth Circuit rejected this argument, holding that,], differing jurisdictional elements – "obstruct[ing], delay[ing], or affect[ing] commerce" (Hobbs Act Robbery) and the requirement that the motor vehicle have "been transported, shipped or received in interstate or foreign commerce" (carjacking) – provided a sufficient basis to distinguish the two offenses under *Blockburger*. *Id*. at 678-679. The Fourth Circuit acknowledged the Fifth Circuit's rejection of jurisdictional elements consideration set forth in *Gibson* but highlighted its non-binding application and the Fifth Circuit's subsequent "concern" of its continued application. *Id*. at 678 n. 5 (citing *United States v. Agofsky*, 458 F.3d 369, 372 (5th Cir. 2006)). The Fourth Circuit further noted, though the Supreme Court has yet to answer whether

3

jurisdictional elements should be in a *Blockburger* analysis, its decision in *Torres v. Lynch*, 578 U.S. 452 (2016) (holding both jurisdictional and substantive elements must be proven beyond reasonable doubt), supported the Fourth Circuit's decision to consider jurisdictional elements because

> [g]iven that jurisdictional elements must be proven beyond a reasonable doubt, and given that the *Blockburger* test requires us to consider whether each offense "requires proof of a fact which the other does not,", we believe *Torres* supports our consideration of jurisdictional elements during a *Blockburger* analysis.

*Whitley*, 105 F.4th 672 at 678 n. 5 (citations omitted).

For the above-stated reasons, and the reasons outlined in the government's initial response (ECF No. 146), the government respectfully requests that the Court deny the defendant's motion for additional bench instructions and reject the defendant's argument regarding 18 U.S.C. §§ 111(a)(1) and 231(a)(3).

          Respectfully submitted,

          MATTHEW M. GRAVES
          UNITED STATES ATTORNEY
          D.C. Bar Number 481052

By:    */s/ REBEKAH LEDERER*
          Rebekah Lederer
          Assistant United States Attorney
          Pennsylvania Bar No. 320922
          601 D St. N.W, Washington, DC 20530
          Tel. No.: (202) 252-7012
          Email: rebekah.lederer@usdoj.gov

          */s/ ANDREW HAAG*
          Andrew Haag
          Trial Attorney
          Massachusetts Bar No. 705425
          Email: andrew.haag2@usdoj.gov