UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>**v.** )<br>)<br>**CHRISTOPHER WARNAGIRIS**, )<br>)<br>Defendant. )<br>) | Case No: 1:21-cr-00382-PLF<br><br>Hearing: Jan. 15, 2025 |

**DEFENDANT'S RESPONSE TO ORDER OF THE COURT**

Pursuant to this Court's Order dated November 22, 2024, ECF No. 163, Defendant hereby responds as follows:

- The Defense is not aware of any additional cases not listed in the Government's response, ECF No. 164.

- While the Government is correct that undersigned counsel brought this issue to the attention of Judge Nichols, the timing of the request and development of the argument in front of Judge Nichols in *United States v. DaSilva* was procedurally different — where it came in the form of post-verdict motions and did not affect the legal instructions given in that case. In Mr. Warnagiris's case, this argument is being made pre-verdict and in the form of a request for legal instructions.

- As argued in ECF No. 143, in *United States v. Carnell*, Crim. Case No. 23-139, ECF No. 98 at *13-19, 24-31 (D.D.C. Feb. 15, 2024), Judge Howell discussed separating out the substantive elements of the offense from jurisdictional ones. The Defense is

- simply bringing that reasoning to its logical extension for purposes of seeking proper bench instructions.

- Although Judge Nichols indicated he would have denied the Defense motion in *United States v. DaSilva* even if brought pre-verdict, he also had issued an opinion in direct contrast to that of Judge Howell in *United States v. Carnell. See United States v. Elizalde*, 23-cr-170-CJN (D.D.C. Dec. 1, 2023). Judge Nichols' decisions in *DaSilva* and *Elizalde* simply indicate that he is consistent on not separating the jurisdictional elements from substantive ones.

- This Court ruled in agreement with Judge Howell's decision in *Carnell*. Accordingly, it would be consistent for this court to consider the separation of substantive elements of the offense from jurisdictional ones in assessing the Defense motions, consistent with the reasoning provided by the Defense in ECF No. 143 and 144.

- Based on information available to the defense, it is our understanding that no judge in D.D.C. has yet ruled on a Rule 31(c) motion similar to the one filed in this case.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
277 S Washington St | Ste 210

Alexandria, Virginia 22314<br>
Phone: (703) 870-3300<br>
Email: contact@medvinlaw.com

## **CERTIFICATE OF SERVICE FOR CM/ECF**

    I hereby certify that on December 16, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____<br>
Marina Medvin, Esq.