UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>CHRISTOPHER WARNAGIRIS, )<br>)<br>Defendant. )<br>) | Criminal No. 21-0382 (PLF) |

MEMORANDUM OPINION AND ORDER

There was a bench trial before the Court in this case on April 1-5, 2024. The Court has ruled on numerous legal issues raised both orally and in writing before, during, and after trial. The matter now before the Court is defendant Christopher Warnagiris's contention that many of the counts upon which he was indicted in the nine count Second Superseding Indictment are lesser included offenses of one another. See Memorandum of Law on 18 U.S.C. § 231(a)(3) as a Lesser Included Offense of 18 U.S.C. § 111(a)(1) ("Def. Memo") [Dkt. No. 143]; Motion for Rule 31(c) Instruction ("Def. Mot.") [Dkt. No. 144]. The government disagrees. Government's Response and Opposition to the Defendant's Memorandum of Law (ECF No. 143) and Rule 31(c) Motion (ECF No. 144) ("Govt. Opp.") [Dkt. No. 146]. At the Court's request, see Order of November 22, 2024 [Dkt. No. 163], the parties have filed supplemental briefs on the issue. See Government's Supplemental Briefing on Defendant's Lesser-Included Offenses Argument ("Govt. Supp.") [Dkt. No. 164]; Defendant's Response to Order of the Court ("Def. Resp.") [Dkt. No. 168]. Having carefully considered the parties' briefs and the relevant case law, the Court will reject Mr. Warnagiris's arguments and deny his motion.

I. LEGAL STANDARD[1]

Rule 31(c) of the Federal Rules of Criminal Procedure, as relevant here, provides: "A defendant may be found guilty of . . . an offense necessarily included in the offense charged." FED. R. CRIM. P. 31(c)(1). See 3 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 515 (5th ed. 2024). An offense is "necessarily included" in another offense when "the elements of the lesser offense are a subset of the elements of the charged offense." Schmuck v. United States, 489 U.S. 705, 716 (1989). Put another way, an offense is a lesser included offense if it is impossible to commit the greater without also committing the lesser. 3 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 515 (5th ed. 2024) (citing Schmuck v. United States, 489 U.S. at 719). Courts "look solely to the statutes, rather than the facts of a particular matter," to determine whether one offense is necessarily included in the other. United States v. Wheeler, 753 F.3d 200, 209 (D.C. Cir. 2014). This approach mirrors the rule set forth in Blockburger v. United States: "If the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. 299, 304 (1932). The principle of double jeopardy prohibits a court from punishing a defendant twice for the same conduct. See Rutledge v. United States, 517 U.S. 292, 297 (1996).

Purporting to apply Blockburger, Mr. Warnagiris asserts that when determining whether one offense is included within another, courts should disregard jurisdictional elements of each statute because "they have no substantive component." Def. Memo at 2 (citing United

---

[1] While the government has substantial arguments why the Court should not consider these issues on grounds of untimeliness, the Court thinks it appropriate to consider the issues on their merits.

States v. Gibson, 820 F.2d 692, 698 (5th Cir. 1987) (holding that "[a] jurisdictional fact, while a prerequisite to prosecution under a particular statute, is not in itself an evil that Congress seeks to combat."))  This view, however, is not widely shared.  In fact, the Fifth Circuit is the only federal court of appeals to have embraced it.  The Ninth Circuit has held that "the jurisdictional element of a statute . . . must be given substantive weight" in the analysis, because "Congress may have strong interests in treating crimes occurring within the jurisdiction of the United States differently from those occurring elsewhere." United States v. Hairston, 64 F.3d 491, 496 (9th Cir. 1995).  And the Fourth Circuit just last year held that "jurisdictional elements require proof of different facts" and therefore are to be considered for purposes of the lesser included offense analysis.  United States v. Whitley, 105 F.4th 672, 678-79 (4th Cir. 2024).  Even the Fifth Circuit has walked back its position, expressing "some concern with the reasoning of Gibson", but continuing to follow it as binding precedent.  United States v. Agofsky, 458 F.3d 369, 372 (5th Cir. 2006).

Neither the Supreme Court nor the D.C. Circuit has addressed this question specifically, but the Supreme Court has found that both substantive and jurisdictional elements of an offense "must be proved to a jury beyond a reasonable doubt", Torres v. Lynch, 578 U.S. 452, 467 (2016), suggesting that both should be considered when determining whether each offense "requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. at 299.  See United States v. Whitley, 105 F.4th at 678 n. 5.  In this District, Judge Carl Nichols has adopted the same view in one of the January 6 Capitol insurrection cases, noting that "Congress had good and significant reasons beyond jurisdictional concerns for targeting crimes at the Capitol and crimes against certain government officers [and] employees"; and thus the jurisdictional elements should be considered for the purposes of the analysis.  Transcript of

3

Record, United States v. DaSilva, Crim. No. 21-0564 (April 23, 2024 Proceedings) [Dkt. No. 128] at 22:12-15. This Court agrees and will consider both substantive and jurisdictional elements when determining whether one offense with which Mr. Warnagiris is charged is a lesser included offense of another.

## II. DISCUSSION

Mr. Warnagiris seeks to limit the scope of his potential criminal liability on the basis that several of the offenses with which he is charged are lesser included offenses of one another, such that the Court could not find him guilty of more than one of each pair or group of offenses because they are multiplicitous. He argues that (1) Count One (18 U.S.C. § 231(a)(3)) is a lesser included offense of Count Three (18 U.S.C. § 111(a)(1)); (2) Count Nine (40 U.S.C. § 5104(e)(2)(G)) is a lesser included offense of Count Seven (40 U.S.C. § 5104(e)(2)(D)); (3) Count Four (18 U.S.C. § 1752(a)(1)) is a lesser included offense of Count Five (18 U.S.C. § 1752(a)(2)) and Count Six (18 U.S.C. § 1752(a)(4)); (4) Count Seven (40 U.S.C. § 5104(e)(2)(D)) is a lesser included offense of Count Five (18 U.S.C. § 1752(a)(2)); (5) Count Five (18 U.S.C. § 1752(a)(2)), Count Seven (40 U.S.C.§ 5104(e)(2)(D)), and Count Nine (40 U.S.C. § 5104(e)(2)(G)) are each lesser included offenses of Count Two (18 U.S.C. § 1512(c)(2) and 2); (6) Count Six (18 U.S.C. § 1752(a)(4)) is a lesser included offense of Count Eight (40 U.S.C. § 5104(e)(2)(F)); and (7) assault under Count Six (18 U.S.C. § 1752(a)(4)) and Count Eight (40 U.S.C. § 5104(e)(2)(F)) are lesser included offenses of assault under Count Three (18 U.S.C. § 111(a)(1)).

The Court has already made clear that a violation of 18 U.S.C. § 231(a)(3) can be "another felony" under 18 U.S.C. § 111(a)(1), finding that the offenses have different elements. Memorandum Opinion and Order [Dkt. No. 166] at 2. See United States v. Stevens, 104 F.4th

4

473, 481 (D.C. Cir. 2024) (18 U.S.C. § 231(a)(3) and 18 U.S.C. § 111(a)(1) have "distinct requirements"); United States v. Crawford, Crim. No. 23-0426 (JEB), 2024 WL 3967310 at *2 (D.D.C. Aug. 27, 2024). Mr. Warnagiris's first contention, that Section 231(a)(3) is a lesser included offense of Section 111(a)(1), is thus without merit. The Court will briefly analyze Mr. Warnagiris's remaining arguments in turn.

*A. Count Nine is Not a Lesser Included Offense of Count Seven*

Count Nine charges parading, demonstrating, or picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G). Second Superseding Indictment ("Indictment") [Dkt. No. 49] at 5. Count Seven charges disorderly and disruptive conduct within the United States Capitol Grounds or any of the Capitol Buildings in violation of 40 U.S.C. § 5104(e)(2)(D). Id. at 4. Both statutes require that the defendant act willfully and knowingly. Id. at 4-5. The former offense includes as a jurisdictional element that the conduct must occur in any United States Capitol Building. Id. at 5. The latter must occur within the United States Capitol Grounds or in any of the Capitol Buildings. Id at 4. While the statutes overlap in some respect, Def. Mot. at 2, they are not equivalent such that the former is a lesser included offense of the latter. The act of parading, demonstrating, or picketing under Section 5104(e)(2)(G) may in some cases amount to disorderly or disruptive conduct, but that is not a necessary element of the statute. It is not impossible to commit a Section 5104(e)(2)(G) offense without also committing a violation of Section 5104(e)(2)(D). The elements of Count Nine are thus not a subset of those in Count Seven and it is not a lesser included offense.

### B. Count Four is Not a Lesser Included Offense of Counts Five and Six

Count Four charges entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1). Indictment at 3. Count Five charges disorderly or disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(2). Id. Count Six charges engaging in physical violence against a person or property in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(4). Id. at 4. Sections 1752(a)(1) and 1752(a)(4) require that the defendant act knowingly. Id. at 3-4. Section 1752(a)(2) requires that the defendant act knowingly and with the intent to impede or disrupt the orderly conduct of government business or official functions. Id. at 3. All three statutes share a jurisdictional provision, that the conduct occur in a restricted area. Id. at 3-4. Despite these similarities, Section 1752(a)(1) is not a subset of Sections 1752(a)(2) and 1752(a)(4). The actus reus of each provision is distinct, and Section 1752(a)(1) includes elements not covered by the other two sections. Specifically, Section 1752(a)(1) requires that the defendant enter and remain in a restricted building or grounds, without lawful authority to do so. Id. at 3. While a defendant may do so while also engaging in disorderly or disruptive conduct or engaging in physical violence, such conduct is not required for a charge or conviction under Section 1752(a)(1). See United States v. Wheeler, 753 F.3d at 209. The elements of Count Four are not a subset of those in Count Five or Six, and Count Four therefore is not a lesser included offense of Count Five or Six.

### C. Count Seven is Not a Lesser Included Offense of Count Five

Count Seven charges disorderly conduct within the United States Capitol Grounds or in any United States Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D). Indictment at 4. Count Five charges disorderly or disruptive conduct in a restricted building or grounds in

6

violation of 18 U.S.C. § 1752(a)(2). Id. at 3. The elements of each statute are described above. The jurisdictional provisions of each are materially different: Section 5104(e)(2)(D) requires that a defendant act within the United States Capitol Grounds or in any of the Capitol Buildings, while Section 1752(a)(2) penalizes conduct in and within proximity to a restricted building and grounds, which is not limited to areas at or near the Capitol or its grounds. See id. at 3-4.[2] The elements of Section 5104(e)(2)(D) are thus not a subset of Section 1752(a)(2). Count Seven is not a lesser included offense of Count Five.

### D. *Counts Five, Seven, and Nine are Not Lesser Included Offenses of Count Two*

Count Five charges disorderly and disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(2). Indictment at 3. Count Seven charges disorderly and disruptive conduct within the United States Capitol Grounds or any of the Capitol Buildings in violation of 40 U.S.C. § 5104(e)(2)(D). Id. at 4. Count Nine charges parading, demonstrating, or picketing in any United States Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G). Id. at 5. Count Two charges obstruction of an official proceeding and aiding and abetting in violation of 18 U.S.C. 1512(c)(2) and 2. The elements of Counts Five, Seven, and Nine are discussed above. The elements of Count Two require that a defendant attempted to or did obstruct or impede an official proceeding, that the defendant intended to do so, that the defendant did so knowingly, and that the defendant acted corruptly. 18 U.S.C. § 1512(c)(2). This statute does not include a jurisdictional provision, while Sections 1752(a)(2), 5104(e)(2)(D), and 5104(e)(2)(G) all do. This is a fundamental distinction in the elements of those offenses.

---

[2] 18 U.S.C. § 1752(c)(1)(B) defines the term "restricted building or grounds" as "any posted, cordoned off, or otherwise restricted area . . . of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting".

7

The requirement under Section 1512(c)(2) that the defendant act corruptly also distinguishes it from the mens rea elements of the other statutes. These distinctions mean that it is not impossible to commit a violation of Section 1512(c)(2) without also committing violations of Sections 1752(a)(2), 5104(e)(2)(D), and 5104(e)(2)(G), and thus, those charges are not lesser included offenses of Count Two.

### E. Count Six is Not a Lesser Included Offense of Count Eight

Count Six charges Mr. Warnagiris with knowingly engaging in physical violence against a person or property in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(4). Indictment at 3-4. Count Eight charges an act of physical violence within the United States Capitol Grounds in violation of 40 U.S.C. § 5104(e)(2)(F). Id. at 4. The elements of Count Six are discussed above. Count Eight requires that a defendant willfully and knowingly engage in an act of physical violence. 40 U.S.C. § 5104(e)(2)(F). The jurisdictional provisions of each statute are distinct. Section 1752(a)(4) is related to conduct occurring in any restricted building or grounds, while Section 5104(e)(2)(F) requires a defendant to act within the United States Capitol Grounds. Indictment at 3-4. The elements of Section 1752(a)(4) are thus not a subset of Section 5104(e)(2)(F) and Count Six is not a lesser included offense of Count Eight.

### F. Assault Under Counts Six and Eight are Not Lesser Included Offenses of Assault Under Count Three

Count Six charges engaging in physical violence in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(4). Indictment at 3-4. Count Eight charges an act of physical violence in the Capitol Grounds or Buildings in violation of 40 U.S.C. § 5104(e)(2)(F). Id. at 4. Count Three charges assaulting, resisting, or impeding certain officers in violation of 18 U.S.C. § 111(a)(1). Id. at 2. Section 111(a)(1) does not have the same jurisdictional limitation

that Sections 1752(a)(4) and 5104(e)(2)(F) do. It thus is not impossible to commit a violation of Section 111(a)(1) without also committing the other offenses, and they are therefore not lesser included offenses.

### III. CONCLUSION

Contrary to Mr. Warnagiris's assertions, none of the offenses with which he is charged are lesser included offenses of one another. Accordingly, it is hereby

ORDERED that Mr. Warnagiris's Motion for Rule 31(c) Instruction [Dkt. No. 144] is DENIED.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 1/13/25